162 577
d177 211

# Henry Ehrisman, Appellant, *v.* Frederick Sener et al.

*Trusts and trustees—Spendthrift trust—Will.*

There can be no valid spendthrift trust where the trustee is also the cestui que trust with the absolute ownership of the trust, whether income or principal.

Testatrix devised all her estate real and personal to her husband " as long as he shall live." She further directed as follows: " And in no event shall my property be sold until my son Edward B. shall have attained the age of twenty-one years. And no incumbrances or liens to be placed upon the same during the lifetime of my said husband, Henry Ehrisman, nor to be liable in any way for any debts he may have contracted or may contract." *Held*, that the husband's life estate was not protected against his creditors.

Argued May 18, 1894. Appeal, No. 456, Jan. T., 1894, by plaintiff, from judgment of C. P. Lancaster Co., Nov. T., 1892, No. 1, on verdict for defendants. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Ejectment for No. 543 W. Walnut St., Lancaster. Before BRUBAKER, J.

At the trial, it appeared that Susan Ehrisman, plaintiff's wife, died March 27, 1886, leaving a will wherein she directed as follows:

" Item. I give, bequeath and devise unto my husband, Henry Ehrisman, all of my estate, real and personal, as long as he shall live, he to pay the taxes upon the same and my funeral expenses.

" After the decease of my husband, I direct all of my estate, real and personal, to be sold, and after deducting the expenses of settling my estate, the balance remaining to be equally divided among my three children, named respectively : Mary Ehrisman, Susan Kautz, wife of Samuel Kautz, and Edward B. Ehrisman, and in case any of them should die before that time, his or her share to go to his or her heirs according to law.

" Lastly, I appoint Isaac Hauser, of the said city of Lancaster, to be the executor of this, my last will and testament. And in no event shall my property be sold until my son, Edward B., shall have attained the age of twenty-one years. And

no encumbrances or liens to be placed upon the same during the lifetime of my said husband, Henry Ehrisman, nor to be liable in any way for any debts he may have contracted or may contract."

Plaintiff's life interest in the real estate in controversy was sold at sheriff's sale under a judgment against plaintiff. Defendants took under the sheriff's deed. The court held that plaintiff's life estate was not protected against his creditors, and gave binding instructions for defendants.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was above instruction, quoting it.

*B. F. Davis*, for appellant, cited: Com. v. Duffield, 12 Pa. 279; Holdship v. Patterson, 7 Watts, 551; 2 Story's Eq. 976; 1 Perry on Trusts, § 59; Barnett's Ap., 46 Pa. 401; Reiff v. Mack, 28 Atl. R. 699; Beck's Est., 133 Pa. 51; Goe's Est., 146 Pa. 431; Rife v. Geyer, 59 Pa. 395; Fisher v. Taylor, 2 Rawle, 33; Hunt v. Crawford, 3 P. & W. 426; Coxe v. Blanden, 1 Watts, 533.

*George Nauman*, for appellee, not heard, cited: Harden v. Hays, 9 Pa. 151; Barnett's Ap., 46 Pa. 399; Shankland's Ap., 47 Pa. 114; Keyser's Ap., 57 Pa. 236; Rife v. Geyer, 59 Pa. 395; Dodson v. Ball, 60 Pa. 495; Thackara v. Mintzer, 100 Pa. 154; Real Estate Trust Co.'s Ap., 144 Pa. 444; 2 Jarman on Wills, 5th Am. ed. 538; Hahn v. Hutchinson, 159 Pa. 133.

Per Curiam, July 11, 1894:

Both parties to this action of ejectment claim under Susan Ehrisman, wife of plaintiff, who, on or about March 27, 1886, died testate, seized of the land in controversy. By her last will she devised all her estate, including said land, to the plaintiff, Henry Ehrisman, her husband, "as long as he shall live." She then directed that after his decease all her estate, real and personal, should be sold and the net proceeds equally divided among her three children, one of whom was Edward B. Ehrisman. In the last clause of her will, she provided as follows: "And in no event shall my property be sold until my son Edward B. shall have attained the age of twenty-one years. And

no incumbrances or liens to be placed upon the same during the lifetime of my said husband, Henry Ehrisman, nor to be liable in any way for any debts he may have contracted or may contract."

It was claimed by plaintiff that the life estate given to him directly and absolutely by his wife's will, is entirely withdrawn from the grasp of his creditors by virtue of the clause above quoted. To this proposition the learned judge refused to assent, and ruled in favor of the defendants. On the authority of Hahn v. Hutchinson, 159 Pa. 133, and cases there cited, we think he was right in so doing. In that case it was held that there can be no valid spendthrift trust where the trustee is also the cestui que trust with the absolute ownership of the subject of the trust, whether income or principal. In the present case, the devise to plaintiff, directly and absolutely, without the intervention of any trust, was of " all my (his wife's) estate, real and personal, as long as he shall live." He thus acquired the absolute, uncontrolled ownership of all the income of the property during his life. One of the incidents of such ownership is liability to the just claims of creditors.

The record evidence shows that plaintiff's life estate in the land in controversy,—levied on and sold by one of his creditors,—was duly conveyed to W. Z. Sener, one of the defendants. There was therefore no error in directing the jury to find in their favor.

There is nothing in either of the specifications that requires special discussion. Neither of them is sustained.

Judgment affirmed.