# Daniel R. Wanner, Jacob R. Wanner, William R. Wanner and Franklin R. Wanner, Executors of Daniel. Wanner, deceased, *v.* Daniel K. Snyder, Appellant.

*Trusts and trustees—Spendthrift trust—Will.*

There can be no valid spendthrift trust where the trustee is also the cestui que trust with the absolute ownership of the subject of the trust, whether income or principal; but the beneficiary is not the absolute owner when he is directed to make certain payments out of the income at all events.

Testatrix by her will gave the entire income of the residue of her estate to her husband directly. The husband also was given the right to take possession of the real estate, and to occupy it or to lease it "for the purpose of ore, sand, stone, etc., as he may see proper." If any of the decedent's securities were paid off he was authorized to collect the same and to reinvest the money thus paid with the assent of the executors. No trustee was appointed, and the husband was to hold the legal as well as the equitable title to the income in his own right. The income was to be free from any liability for the husband's debts. The property was devised over after the death of the husband. Testatrix also directed that her husband should properly educate a young girl mentioned in the will, and should pay to her "out of the devise and bequest by me to him made" $150 annually. *Held*, that as the whole income of the estate given to the husband was his absolutely, but was subject to two serious and controlling charges, the income was not subject to the claims of the husband's creditors: Hahn v. Hutchinson, 159 Pa. 133; Ehrisman v. Sener, 162 Pa. 577, distinguished. Holden v. Patterson, 7 W. 547; Ashhurst v. Given, 5 W. & S. 323, and Brown v. Williamson, 36 Pa. 338, followed.

A married woman may make a valid spendthrift trust in favor of her husband.

Argued March 3, 1896. Appeal, No. 231, July T., 1895, by defendant, from decree of C. P. Berks Co., Jan. T., 1895, No. 21, granting petition for sequestration of life estate. Before Green, McCollum, Mitchell, Dean and Fell, JJ. Reversed.

Petition by plaintiffs for the sequestration of the life estate of the defendant under his wife Christina Snyder to satisfy judgment in this suit.

In addition to the portions of Christina Snyder's will and codicil quoted in the opinion of the Supreme Court, the following clause sets forth the gift to the husband:

" Fourth.    I give, devise and bequeath unto my beloved husband, Daniel K. Snyder, the interest and income and the rents, issues and profits of the rest and residue of my estate, real, personal and mixed, to have, collect, use and enjoy the same for and during the term of his natural life, and free and discharged from and so as not to be in any way liable for his debts, now contracted or which he may hereafter contract, and from all judicial process to levy upon and attach the same for the payment thereof, and I do further direct that the said Daniel K. Snyder may take possession of the property hereby bequeathed and devised to him without being required to give security for its safe keeping, and shall also have the right in the exercise of his enjoyment of the real estate hereby devised to him, to lease the same for the purpose of the ore, sand, stone, &c., as he may see proper.    And in case any of the securities should be paid off, or it should become proper to change any of them, I do hereby authorize the said Daniel K. Snyder to collect the same, but to re-invest the proceeds thereof in other safe securities, with the assent of the executors hereinafter named."

The court in an opinion by ENDLICH, J., granted the petition for the appointment of a sequestrator.

*Error assigned* was above order.

*Isaac Hiester*, with him *A. G. Green*, for appellant.—It is well established in Pennsylvania that the purpose of this testatrix was lawful : Fisher v. Taylor, 2 Rawle, 33 ; Ashhurst v. Given, 5 W. & S. 323 ; Kuhn v. Newman, 26 Pa. 227 ; Barnett's App., 46 Pa. 393 ; Dodson v. Ball, 60 Pa. 492 ; Overman's App., 88 Pa. 276 ; Ghormley v. Smith, 139 Pa. 584.    A married woman may create by will a spendthrift trust for her husband : Act of April 11, 1848, P. L. 536 ; Act of April 1, 1863, P. L. 212 ; Act of May 4, 1855, P. L. 430 ; Moninger v. Ritner, 104 Pa. 302.

If the will of Mrs. Synder is carefully examined it will be found to be ruled by the decision in Fisher v. Taylor, 2 Rawle, 33.    In Sheets' Est., 52 Pa. 257, as in this case, there was a power given to the executors to sell real estate and invest the proceeds for the purposes of the will, and the court held that this created a trust in the executors : King v. Dennison, 1 V.

& B. 273; Rife v. Geyer, 59 Pa. 393. An absolute estate may be cut down to a spendthrift trust by subsequent directions in the will: Livezey's App., 106 Pa. 201; Ashhurst v. Given, 5 W. & S. 323; Brown v. Williamson, 36 Pa. 338.

The will vested the real estate in the executors in trust to pay to Daniel K. Snyder the income free from the claims of his creditors: Bond v. Bunting, 78 Pa. 219; Stambaugh's Est., 135 Pa. 596; Williams's App. 83 Pa. 377; Beck's Est., 133 Pa. 51; Goe's Est., 146 Pa. 431.

*John H. Rothermel,* of *Rothermel Bros.,* for appellees.—This case is squarely ruled by Ehrisman v. Sener, 162 Pa. 577, and Hahn v. Hutchinson, 159 Pa. 133.

OPINION BY MR. JUSTICE GREEN, October 5, 1896:

It must be conceded that the terms of the will of Christina Snyder in relation to the gift of income to her husband, are so entirely similar to the provisions of the will which we considered in the case of Hahn v. Hutchinson, 159 Pa. 133, that, at first glance, the decision in that case appears to control this. The entire income of the residue of the estate of the testatrix is given to her husband directly. He also has the right to take possession of the real estate of the decedent, and to occupy it, or to lease it, "for the purpose of ore, sand, stone, &c., as he may see proper." If any of the securities were paid off he was authorized to collect the same and to reinvest the money thus paid with the assent of the executors. No trustee was appointed to take the legal title to the estate and pay over the income to the legatee; on the contrary the legatee was to hold the legal, as well as the equitable, title to the income in his own right. Not even did the executors have any right to collect or receive any part of the income so that they could pay it to the legatee. It is true the testatrix directed that it was to be free from any liability for his debts, but that alone would not alter the character of his estate in the income. If it was exclusively his own property unaffected by any other considerations, such a direction would not debar his creditors from having access to it. We considered the subject fully in Hahn v. Hutchinson, and held that the estate of the legatee, although it endured during his life only, and although the will provided

that the income should not be liable for any of the debts of the legatee present or future, was nevertheless liable for his debts, and we sustained a sequestration of the income for that purpose. The decision in Hahn v. Hutchinson was based upon the absolute ownership of the income by the legatee. We held that there could be no valid spendthrift trust where the trustee is also the cestui que trust with the absolute ownership of the subject of the trust, whether income or principal. We followed and applied that ruling in the subsequent case of Ehrisman v. Sener, 162 Pa. 577, where, also, the devise was by a wife to her husband. The estate, real and personal, was devised to the husband for life with an expressed direction that no incumbrances or liens should be placed upon the property during the life of the husband, and that it should not be liable for any debts he might contract.

But notwithstanding the general similarity of the case at bar with those just cited, there is one most important and material feature in which it radically differs from them both. The will of the testatrix contains the following provision : " Sixth. I also order and direct that my husband Daniel K. Snyder shall properly educate Katie Glassmoyer above named, education to be given her before she reaches her eighteenth year, and in case of his death before such education is given then I direct my hereinafter named executors shall make proper provision therefor out of my estate." In addition to the foregoing the second codicil to the will contains the following direction: " I further order and direct my husband, Daniel K. Snyder, shall pay out of the devise and bequest by me to him made unto Kate Glassmoyer, annually, the sum of one hundred and fifty dollars to be paid to her equally in four quarterly payments so long as she remains single, and I direct that my executors in my will named shall see to it that the quarterly payments are properly made." It is at once obvious that the whole income of the estate given to the husband is not his absolutely, but is subject to two serious and controlling charges. He must educate Kate Glassmoyer and he must pay her $150 a year as long as she remains single, and he must do these things out of the income derived from his wife's estate under her will. If that income is subject to the claims of his creditors he cannot perform his duties as legatee of the income and the will is defeated. In order to perform those duties he

must receive and control the entire income of the estate, and he must do it in the manner directed by the will. It follows hence that he has no absolute estate or ownership of the income in the sense which makes it liable for his debts, and the case therefore is not within the line of decisions above cited. On the contrary we think the case is within the reasoning in Holdship v. Patterson, 7 W. 547 ; Ashhurst v. Given, 5 W. & S. 323, and Brown v. Williamson, 36 Pa. 338, the first two of which go much further in the line of protection for such interests against the claims of creditors than it is necessary to go in this instance.

In the case of Huber's Appeal, 80 Pa. 348, we said, " The extent and character of a devisee's estate depend on the qualities stamped on it, and the powers conferred over it by the testator, and not alone in the parties in whom the title is formally vested." Thus it is just as manifest that under this will the education and comfortable support of Kate Glassmoyer were to be provided out of the income given to Daniel K. Snyder, as that his support was to be provided out of the same fund. For aught that appears on this record her support and education might require the whole of the income, but whether that is so or not, a considerable part of the income would be required for that purpose, and that circumstance alone takes away the character of absolute ownership of the income from Daniel K. Snyder, and without that quality his creditors have no standing against any part of the income.

We do not approve of that portion of the opinion of the learned court below in which it was held that a married woman cannot make a valid spendthrift trust in favor of her husband. On that subject we differ altogether with the views expressed in the opinion.

The decree of the court below is reversed, the rule for the appointment of a sequestrator is discharged, and the record is remitted, all costs to be paid by the appellee.