## Denniston et al., Appellants, v. Pierce et al.

*Wills—Trusts—Devises—Trustees as beneficiaries—Active trust —Spendthrift trusts—Construction—Intention.*

1. The contention that a trust cannot be created where the trustee is the sole beneficiary does not apply where the trustees are not the sole beneficiaries. The fact that the trustee may be entitled to a portion of the income does not destroy the trust or disable the trustee from acting as such.

2. A testator devised the residue of his estate to three sons, William, Joseph and Andrew, in trust, to manage the property and to spend so much of the income or principal thereof as might be necessary for making improvements and additions to certain real estate, and out of the income to pay his wife $1,000 annually during her lifetime, and, if in any year the income ·should not amount to such sum, the trustees or a majority of them should have the right to pay to her out of the principal such amount as should with the income equal $1,000; and upon the further trust to pay· for the education of Andrew and for his maintenance and support during his education annually such amount as might be necessary for that purpose in the opinion of the other sons, and when Andrew should complete his education then to pay him $1,000 out of the principal as soon as the same could be conveniently realized. Testator further directed that the trust should not terminate during the lifetime of the wife and that after her death it might be terminated at any time by the joint action of any two of the trustees or by the survivor, in case two of the trustees should have died. Testator directed that upon the termination of the trust the residue of his estate then unexpended and undivided should be divided among his three sons equally, their heirs and assigns, the child or children of any deceased child to take the share which the parent if living would have taken "provided, however, that until the trust shall have been terminated neither of my sons shall have the power to sell, assign, transfer, convey or encumber his interest in the principal of said estate or in the income thereof or to anticipate the

same in any manner and his interest in the said estate shall not be liable in any manner for his debts......during the continuation of the trust hereby created, and after payment to my wife...... of the annuity hereby charged upon my said estate and after payment to my son Andrew....... of the amount herein provided to be paid during his education, and after payment of all other expenses herein provided for, I direct that the net income shall be divided equally among my three sons." During the lifetime of the widow an action of ejectment was brought for an undivided one-third interest in certain property included in the devise; plaintiffs, who claimed as the purchasers of the interest of one of the sons, contended that the will did not create a trust, but gave the land to the testator's sons, subject to the annuities, and that the spendthrift trust clause of the will was invalid. The lower court entered judgment for defendant. *Held,* that during the lifetime of the widow the sons were not entitled to possession and the judgment was affirmed without prejudice to the plaintiffs right to assert title to the premises after the death of the widow.

Argued Oct. 9, 1917. Appeal, No. 44, Oct. T., 1917, by plaintiffs, from judgment of C. P. Allegheny Co., April T., 1915, No. 2235, for defendants, in case of Thomas Denniston, W. L. Denniston, Helen M. Denniston and Junius D. Houston v. William T. Pierce, Joseph Audley Pierce and Andrew Craig Pierce. Before MES-TREZAT, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Ejectment for an undivided interest in real estate. Before SHAFER, P. J.

From the record it appeared that Joseph Pierce, of McKeesport, Pa., died testate on November 3, 1903. His last will provided, inter alia:

"Fifth.—All the rest and residue of my estate, real, personal and mixed, I give, devise and bequeath to my three sons, William T. Pierce, Joseph Audley Pierce and Andrew Craig Pierce, and to their heirs in trust the following purposes, and with the following powers and limitations:

"1st.—To manage, control, improve, lease and demise the same in such manner, for such terms, and on such rentals as they, or a majority of them, may think proper.

"2d.—To expend so much of the income or principal thereof as may be necessary in their discretion or in the discretion of a majority of them, in the making of improvements in and additions to the National Hotel property, and the property on the corner of Walnut Street and Tenth Avenue.

"3d.—To pay all taxes against the property herein above bequeathed and devised, and for all repairs necessary to put and keep the same in good order and repair.

"4th.—Out of the outcome of my said property to pay to my said wife Henrietta the sum of One Thousand Dollars in every year during her lifetime, payable monthly, Provided, however, that if in any year the income should not amount to the annual sum herein bequeathed, the said trustees, or a majority of them, shall have the right to pay to her out of the principal such amount as shall, with the income, equal the sum of One Thousand Dollars.

"5th.—To pay to or for the benefit of my son Andrew Craig Pierce for his education in such profession as he may choose, and for his maintenance and support during his education, annually, such amount as may be necessary for that purpose in the opinion of my sons William T. and Joseph A. Pierce. And when my son Andrew has completed his education and entered upon the practice of his profession, then to pay to my said son Andrew the sum of One Thousand Dollars out of the principal as soon as the same can be conveniently realized.

"6th.—I direct that the trust hereby created shall not terminate during the lifetime of my said wife. After her death the trust may be terminated at any time by the joint action of any two of the said trustees or by the survivor in case two of the said trustees shall have died; upon the death of all the trustees the trust shall terminate; upon the termination of said trust I direct that all the rest and residue of my estate then unexpended and undivided shall be divided among my said three sons equally their heirs and assigns in fee simple and abso-

lutely, the child or children of any deceased child to take the share which the parent if living would have taken, Provided, however, that until the trust shall have been terminated neither of my sons shall have the power to sell, assign, transfer, convey, or encumber his interest in the principal of said estate or in the income thereof, or to anticipate the same in any manner, and his interest in said estate shall not be liable in any manner for his debts.

"7th.—I direct that neither the National Hotel property . . . . . . nor the premises situate on the corner of Walnut Street and Tenth Avenue, McKeesport, . . . . . . shall be sold during the lifetime of my wife; but with the exception of these properties the said trustees or a majority of them and the survivors or survivor of them shall have power to sell any part of and all the rest and residue of my estate and the same to convey from time to time to the purchaser free and discharged from all trusts, and without liability on the part of the purchaser to see to the application of the purchase-money, and to divide and distribute the proceeds of sale thereof among them my said sons in equal portions, to be held and enjoyed by them and their heirs, free from all trusts.

"8th.—During the continuation of the trust hereby created, and after payment to my wife Henrietta, of the annuity hereby charged upon my said estate, and after payment to my son Andrew Craig Pierce of the amount herein provided to be paid during his education, and after payment of all other expenses herein provided for, I direct that the net income shall be divided equally among my three sons."

The will further authorizes the trustees to select one of their number to act as managing trustee or attorney in fact for the others, and also provides that neither trustee shall be liable except for his own wilful default. The trustees as such took and have since retained possession of the property. In 1909, William T. Pierce gave his individual mortgage on a one-third interest in the

hotel property; and by foreclosure proceedings thereon the plaintiffs in 1914 purchased such interest at sheriff's sale. This action of ejectment was brought to recover possession of the undivided interest so acquired.

The special provisions for Andrew Craig Pierce contained in item five of paragraph five of the will were paid; but the widow was living when the action was brought and entitled to her annuity, which the net income from the property was much more than sufficient to pay. The plaintiffs claimed as purchasers of a portion of the interest of William T. Pierce. There being no disputed facts, the court below entered judgment for the defendants on the pleadings, pursuant to the Act of May 7, 1915, P. L. 887. Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*John C. Bane,* with him *Crumrine & Patterson* and *J. P. Patterson,* for appellants.—The devise to the three sons was a gift subject to a charge, not a gift upon a trust: Lang v. Everling, 3 Misc. (N. Y.) 530, 23 N. Y. Suppl. 329; King v. Denison, 1 Ves. & B. 260; Dawson v. Clark, 15 Ves. 409; Hughes v. Evans, 13 Simon 496; Saltmarsh v. Barrett, 29 Beav. 474; Barrs v. Fewkes, 2 Hem. & M. 60.

Whether a devise creates an estate in the devisees, subject to a charge or a trust to pay legacies, is determined not by the form of expression creating the estate, but by the substantial estate created: Thornton v. Krepps, 37 Pa. 391; Hahn v. Hutchinson, 159 Pa. 133.

If the provision for the wife is held to be a charge and not a trust, the restrictions as to alienation and liability for debts are invalid: Keyser's App., 57 Pa. 236; Kaufman v. Burgert, 195 Pa. 274; Potter v. Couch, 141 U. S. 296; Kepple's App., 53 Pa. 211; Ingersoll's App., 86 Pa. 240; Kessner v. Phillips, 189 Mo. 515; Hutchinson v. Maxwell, 57 L. R. A. 384; Dodson v. Ball, 60 Pa. 492.

*C. F. C. Arensberg,* with him *Patterson, Crawford, Miller & Arensberg,* for appellees.—Under the will of Joseph Pierce there was created a valid, active trust: Xander v. Easton Trust Co., 217 Pa. 485; Spring's Est., 216 Pa. 529; Lewis' Est., 231 Pa. 60; Siegwarth's Est., 226 Pa. 591; Minnich's Est., 206 Pa. 405; Huber's App., 80 Pa. 348.

OPINION BY MR. JUSTICE WALLING, January 7, 1918:

This is an action of ejectment to recover possession of a one-third undivided interest in the National Hotel property at McKeesport. The case turns on the construction of the will of the late Joseph Pierce of that city. In our opinion the will creates an enforcible active trust, at least during the life of the widow; as to that the language of the will could not well be more explicit. A man by will can lawfully provide a life annuity for his widow secured by a trust, and is not prevented from so doing because the annuity may be a charge upon land embraced in the trust. Whether he will secure it by a trust or merely as a charge upon land is optional with the testator.

The contention that a valid trust cannot be created where the trustee is the sole beneficiary may be sound, but does not apply here for the trustees are not the sole beneficiaries. The widow is a beneficiary and entitled to her one thousand dollars a year out of the income and if necessary out of the principal of the estate. The fact that trustees may be entitled to a portion of the income does not destroy the trust, nor disable them from acting as such. One may hold property in trust for the use of himself and others: American & English Encyclopedia of Law (2d ed.) 955; 39 Cyc. 248.

The case at bar is clearly distinguishable from Hahn v. Hutchinson, 159 Pa. 133, for there the trustee was the absolute owner of all the income of the entire property during his life. This distinction is clearly pointed out in the case of Wanner et al. v. Snyder, 177 Pa. 208, which

case seems to control this. And see Ashhurst v. Given, 5 W. & S. 323; also Huber's App., 80 Pa. 348. We agree with the court below that, "The fact that the three sons of the testator, who are also beneficiaries, are made trustees cannot have any effect on the validity of the trust so far as the widow is concerned." If plaintiffs are entitled to possession they would seem to be also entitled to partition, which would result in a sale of the property, and thus defeat the intent of the testator; and that in the face of the express provision that this property shall not be sold during the life of the widow.

We decide the case solely on the ground that plaintiffs are not at present entitled to possession, and express no opinion as to whether or not the will creates a valid spendthrift trust. As that question is left open, the judgment should be without prejudice.

The judgment of the court below is modified by adding thereto the words, "without prejudice to the plaintiffs' right to assert title to the premises here at issue in any action that may be brought after the death of Henrietta Pierce, widow of said Joseph Pierce, deceased." And as so modified the judgment is affirmed at the costs of the appellants.