# Hance's Estate.

*Trust and trustees—Spendthrift trust—Trustees who are also cestuis que trustent.*

A valid spendthrift trust may be created where the trustees who are to preserve the trust are at the same time the cestuis que trustent of the income.

Argued Dec. 11, 1917. Appeal, No. 331, Oct. T., 1917, by Edward H. Hance, Jr., Executor and Trustee, from decree of O. C. Philadelphia Co., Jan. T., 1917, No. 605, dismissing exceptions to adjudication in Estate of Edward H. Hance, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Edward H. Hance, the testator, died December 14, 1914, having first made a last will dated May 23, 1910, of which he appointed his wife, Charlotte E. Hance, and his sons, Anthony M. Hance and Edward H. Hance, Jr., as executors and trustees. His wife, Charlotte E. Hance, died before the testator.

The will created a trust of one-third of the residue of his estate, the incomes payable to the two sons for and during their respective natural lives, with language proper to create a spendthrift trust. Upon the death of each of the sons one-half of the principal of the trust was to be paid in equal shares to their children.

Both sons survived the testator and became executors.

432, (1918).]    Statement of Facts—Arguments.

On March 10, 1916, one of the sons, Anthony M. Hance, assigned to the other son, Edward H. Hance, Jr., all his interest in his father's estate, the assignment further stating:

"And I, the said Anthony M. Hance, do further covenant and agree, for myself, my executors, administrators and assigns, that I, my executors, administrators and assigns, will pay over to the said Edward H. Hance, Jr., any and all moneys which I, the said Anthony M. Hance, my executors, administrators and assigns, may or shall receive under, or by virtue of, any provision of the will of the said Edward H. Hance."

The auditing judge awarded a share of the income to Anthony M. Hance notwithstanding the assignment. Exceptions to the adjudication were dismissed by the court in banc.

*Error assigned* was in dismissing the exceptions.

*Martin V. Bergen,* for appellant.—It is settled in this State that "there can be no valid spendthrift trust when the trustee is also the cestui que trust, with the full ownership of the subject of the trust, whether income or principal": Patrick v. Bingaman, 2 Pa. Superior Ct. 113; Hahn v. Hutchinson, 159 Pa. 133; Ehrisman v. Sener, 162 Pa. 577; Brenig v. Oldt, 45 Pa. Superior Ct. 629; Seitzinger's Est., 170 Pa. 500.

Nor does the fact that there are two trustees who divide the income between them change the application of this rule in principle. If it is impossible for one person to hold the equitable and legal estate free and clear of his creditors and without power of alienation, then it is equally impossible for two persons to do so: Patrick v. Bingaman, 2 Pa. Superior Ct. 113.

*James E. Hood,* for appellee.—This case is ruled by Wanner v. Snyder, 177 Pa. 208.

434 HANCE'S ESTATE.

OPINION BY TREXLER, J., April 22, 1918:

The testator devised one-third of his residuary estate to his executors in trust to pay the income in equal shares to his sons, Anthony M. Hance and Edward H. Hance, Jr., during their natural lives, and followed it by apt words making the income free of any demands of creditors and not assignable. He appointed his wife and the two sons above named as executors, but his wife having died before the testator, the two sons became at the same time the executors of the estate and the recipients of the income.

The sole question involved is whether there can be a valid spendthrift trust created where the trustees who are to preserve the trust are at the same time the cestuis que trustent of the income. It has been decided there can be no valid spendthrift trust when the trustee is also the cestui que trust, with the full ownership of the subject of the trust: Hahn v. Hutchinson, 159 Pa. 133; Ehrisman v. Sener, 162 Pa. 577. No one can be the owner of property, with legal title to it, and have complete control of it and still hold it free from claims of creditors. We think the present case does not come within the rule. The legal title to the principal was put in the executors. They were to preserve the corpus, pay the income to themselves, each to receive one-half. Each is in a sense the trustee of the other. The custody and control of the property is in them jointly, as executors. There being a joint control the income as received does not at once become the property of either, but a division or settlement is contemplated. One purpose of the trust is to secure the principal during the lives of the recipients of the income. Neither party can terminate the trust, for if they both drop out from any other cause than death, there would still be required an active trustee to preserve the corpus and divide the income, and the income is not in control of either of the beneficiaries, but is in them jointly as long as they continue to serve under the appointment. In Hahn v. Hutchinson, 159 Pa. 133, Justice

GREEN, who wrote the opinion, said: "In the present case the income of this estate goes directly into the hands of the nominal cestui que trust, and it remains there because it is his own. If he is trustee at all it is for himself alone; there can be no intervening person clothed with the title and having a duty to perform of preserving the trust in order to pay the fund over to another who is its equitable owner. All the title to the money, legal and equitable, is centered in the one person, and the payment to that one person is the only payment that can possibly be made." Absolute ownership is necessary in order to have a case fall within the rule. In Wanner v. Snyder, 177 Pa. 208, the husband of the decedent had the income of the entire estate, but had thereout to provide for the education of a near relative, and thereafter a fixed annual sum until marriage. As the whole income did not go to him it was held that he had "no absolute estate or ownership of the income in the sense which makes it liable for his debts," and the case therefore did not fall within the lines of the decision in the case of Hahn v. Hutchinson, 159 Pa. 133, and Ehrisman v. Sener, 162 Pa. 577.

We think the assignment of the share of Anthony M. Hance to Edward H. Hance, Jr., was invalid and passed nothing.

The decree of the Orphans' Court is affirmed.