# Fox's Estate.

*Trusts and trustees—Spendthrift trust—Active trust—Husband as trustee and beneficiary.*

Where property is given to an executor with certain duties to perform, impressed with a spendthrift trust, to pay to himself as an individual the income for life, and at his death the estate, corpus and income, goes to his children, or others, the trust estate in the corpus and in the income is not in any manner destroyed, nor does the necessity for its existence cease during the life estate. The income still remains the testator's property until it is actually paid to the beneficiary.

Argued Feb. 10, 1919. Appeal, No. 38, Jan. T., 1919, by Walter T. Lee, from decree of O. C. Delaware Co., No. 10875, 1917, dismissing petition to compel the executor to file an inventory and appraisement in Estate of Eliza Landell Fox. Before BROWN, C. J., STEWART, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Petition to compel Henry K. Fox, executor of estate of Eliza Landell Fox to file an inventory and appraisement. Before JOHNSON, P. J.

The court dismissed the petition. Walter T. Lee, petitioner, appealed.

*Error assigned* was decree dismissing the petition.

*J. Newton Peck* and *Josiah Smith,* for appellant.—No valid spendthrift trust of income can be created where the sole trustee is also the cestui que trust with the absolute ownership of the entire income of the trust during his life: Ashhurst v. Given, 5 W. & S. 323; Brown et al. v. Williamson's Executors, 36 Pa. 338; Overman's App., 88 Pa. 276; Wanner v. Snyder, 177 Pa. 208; Denniston et al. v. Pierce et al., 260 Pa. 129; Hance's Est., 69 Pa. Superior Ct. 432.

The spendthrift trust is invalid and illegal in so far as it covers the net income and profits for life to Henry K. Fox. He is sole trustee and is also sole cestui que trust as to the entire net income and profits of the trust estate during his life. It follows that he is absolute owner of all the income of the entire property to accrue during his life: Wanner v. Snyder, 177 Pa. 208; Hahn v. Hutchinson, 159 Pa. 133; Ellwanger v. Moore, 206 Pa. 234; Hance's Est., 69 Pa. Superior Ct. 432; Denniston v. Pierce, 260 Pa. 129.

*V. Gilpin Robinson,* for appellee, cited: Overman's App., 88 Pa. 276.

OPINION BY MR. JUSTICE KEPHART, April 28, 1919:

The will of the testatrix devised the residue of her estate to her executor to pay the income and net profits, subject to a spendthrift trust, to her husband for and during his life, and at his death the income to be paid to her two children, in equal parts, under the same character of trust, with the right of survivorship in case any child should die without issue. The husband, Henry K. Fox, was named as executor and it is the contention of the appellant that no spendthrift or other trust can be created where the sole trustee is also the cestui que trust, the absolute ownership of the entire income of the trust during his life being in the beneficiary. This objection does not correctly state the situation. The trustee is not only trustee for himself, but he is trustee for the remain-

dermen, and there could be no objection to the present will, and the disposition of the income as therein directed, if some other person had been named as trustee.

Cestuis que trust are not, as such, incapacitated from being trustees for themselves and others; but, as a general rule, they are not altogether fit persons for the office, in consequence of the probability of a conflict between their interest and their duty: Lewin on Trusts, Vol. I, Sec. 40; Perry on Trusts, Secs. 59 and 297. But, it has been stated with great positiveness that the same person cannot be both trustee and beneficiary. Where the trustee is made beneficiary of the same estate, both in respect to its quality and quantity, the inevitable result is that the equitable is merged into the legal so that the latter alone remains. Such was Hahn v. Hutchinson, 159 Pa. 133. This doctrine results more from the merger than from any incompatability of interest between the trustee and cestui que trust. In distinguishing between active and passive trusts, "in the former case, equity preserves the trust to give effect to the donor's right of dominion over his property, and in the latter, in favor of public policy, permits it to fall as useless": Dodson v. Ball, 60 Pa. 492, 497. But the prohibition against the dual relationship is directed against the same interest and, therefore, a cestui que trust is not absolutely excluded from occupying the office of trustee, especially where he is one of several trustees, or where he is trustee for himself and others. But where property is given to an executor with certain duties to perform, impressed with a spendthrift trust, to pay to himself as an individual the income for life, and at his death the estate, corpus and income goes to his children, or others, the trust estate in the corpus and in the income is not in any manner destroyed, nor does the necessity for its existence cease during the life estate. The income still remains the testator's property until it is actually paid to the beneficiary. There is no merger of interest in the trustee arising out of the fact that he is also a beneficiary. The trust is an

active one and he is certainly competent to act as trustee for the preservation of the fund for the remaindermen. He holds possession, invests the money, manages the estate and, if there is real estate, leases it; naturally making repairs from the income that inure to the benefit of the remaindermen. If another so acts, he would be entitled to compensation. As it is, the expense of administration is small, a thing to be considered. He is required to administer the trust so as not to jeopardize the interest of the remaindermen, or cause a devastavit, and may, for cause shown, be superseded by another; as the spendthrift trust is lawful and, as there are trust interests in remainder to protect, equity will not permit the estate to lapse for want of a trustee. If the trustee here named is not a proper party, the court could intervene and appoint a successor. The testatrix selected her husband as the trustee to preserve the estate for their children and we know of no good reason why the selection is not valid.

In conclusion, this estate was not devised as a freehold estate with the condition that it should not be liable for the devisee's debt, as was done in Ehrisman v. Sener et al., 162 Pa. 577; Morgan's Est. (No. 1), 223 Pa. 228; Breinig v. Oldt, 45 Pa. Superior Ct. 629; and where the subsequent disposition of the property was left to the devisee, as was said in Hahn v. Hutchinson, supra (141): "The whole course of reasoning is that a man shall not be the real owner of property with full right to deal with it as he pleases......and keep the same free from the claims of his creditors." Here the residue was devised to the executor in trust with certain defined duties to perform, all of which were for the benefit of the corpus of the estate as it will ultimately reach the remaindermen. It was just as much an active trust as that upheld in Wanner et al. v. Snyder, 177 Pa. 208.

The decree dismissing the petition is affirmed, at the cost of the appellant.