*245 OPINION.
Murdock :
The copy of the deficiency notice attached to the pleadings does not indicate the method by which the deficiency was computed. The Commissioner has made no argument nor has he filed a brief and therefore we have no expression from him in regard to the basis for or the correctness of his determination. He has admitted only that he has included in the petitioner’s income the amounts deposited in the Bucks County Trust Co. in the petitioner’s trustee’s account.
We are unable to perceive any theory under which the two largest items so deposited, representing the amounts received from the sale of the agricultural company’s stock and notes and from the payment of its checks, were income to the petitioner.
The latter testified that soon after he received the three checks from the agricultural company in 1918, in payment for his services, he gave them to his wife. But regardless of what he did with the checks they represented income to him, not in 1920, but in 1918, where, as in this case, the maker was solvent and able to take care of its obligations.
The petitioner has attempted to show that at various times before the execution of the deed of trust all of the stock and notes were assigned to Lillian H. Ruos, his wife. The evidence to prove these assignments was vague and confusing in regard to the dates upon which the transfers were made and the reasons which moved the donors to transfer the property without consideration. However, we are convinced that as an .individual he had no title to the stock or notes immediately prior to the execution of the deed of trust.
Whether or not Lillian H. Ruos was the owner of all of the property designated in the trust deed, nevertheless the petitioner *246 acquired no individual title thereto by this deed. The transfer was made by Lillian H. Ruos to the petitioner as trustee and she had been reliably informed as to the legal effect of the transfer. The result of the execution of the deed of trust was to preserve the corpus of the property, so deeded, or its proceeds upon a sale, for the settlor’s children, with the right to have it managed by her husband during his lifetime and to have the income thereof administered for their common benefit, free from any liability to his creditors. The trust which she executed was a valid one and no merger of any interest resulted, nor was any legal title placed in the petitioner as an individual. Cf. In re Fox’s Estate, 264 Pa. 478; 107 Atl. 863; In re Baughman’s Estate, 126 Atl. 59; King v. York Trust Co., 278 Pa. 141; 122 Atl. 227. Therefore, any title to the corpus received through Lillian H. Ruos rested in the petitioner as trustee and not as an individual. The profit, if any, included in the amounts received upon the sale to the General Motors Co., represented a gain in corpus and was neither income received by the petitioner individually, nor income distributable to him as a life beneficiary of the'trust. See as to the question of income, In re Kemble’s Estate, 201 Pa. 523; 51 Atl. 310; In re Graham's Estate, 198 Pa. 216; 47 Atl. 1108. Therefore, the Commissioner was in error in including in the petitioner’s income the amounts of $80,720 and $26,807.78, or any part thereof.
The petitioner has offered no evidence as to the three amounts of $286.04, $400, and $10 deposited in the Bucks County Trust Co., and determined by the Commissioner to represent income to the petitioner and in the absence of any evidence the Commissioner’s determination with respect to these three amounts is held to be correct. We are unable to determine whether the petitioner received any taxable income during the year for which he failed to make a return, but to the extent that the penalty asserted by the Commissioner was based upon the tax erroneously determined to be due by the petitioner as shown above, the assertion of such penalty was error.

Judgment will loe entered under Rule BO.