**FISHER, Appellant, v. EVATT, TAX COMMR., Appellee.**

Board of Tax Appeals.

No. 2181.    Decided Nov. 27, 1943.

498

Squire, Sanders and Dempsey, Cleveland, for appellant.
Hon. Thomas J. Herbert, Atty. Gen. of Ohio, Columbus, and Mr. Perry L. Graham, Asst. Atty. Gen., Columbus, for appellee.

## ENTRY

This cause and matter came on to be heard upon appeals filed herein by the appellant, above named, from corrected tax assessments made and issued by the tax commissioner assessing for the years 1938 and 1939, respectively, the interest of the appellant in the corpus of a fund made up of taxable investments and other intangible property which the appellant at said times and prior thereto was holding under letters of trusteeship in the estate of Manning F. Fisher, deceased. And said cause was submitted to the Board upon said appeals, upon the files of the tax commission and the tax commissioner relating to said assessments, upon a stipulation of the facts in the case and upon the arguments and briefs of counsel.

Upon consideration of the case as thus submitted, the Board finds that on or about the 28th day of April, 1938, the appellant, Bertha C. Fisher, filed with the Tax Commission of Ohio her intangible and personal property tax return for the year 1938; in which tax return the appellant set out, among other things, the sum of $65,752.72 as her total income yield from productive investments, in which sum were included moneys in the amount of $48,569.20, which sum was set out in said tax return as appellant's income yield from productive investments included in the corpus of the estate and fund which the appellant held under letters of trusteeship in the estate of said Manning F. Fisher, deceased. And the Board finds that the appellant paid intangible and personal property taxes for said tax year in the amount of $3289.76 on and with respect to the property set out in her said tax return, as aforesaid.

The Board further finds that on or about June 13, 1940, the tax commissioner, as the successor of the Tax Commission of Ohio, made an audit of appellant's said tax return and of the informational return therewith filed, and thereupon increased the amount of the taxable income yield of appellant of and with respect to her interest in productive investments for said year by adding to the total amount of her income yield from productive investments as returned by her, as aforesaid, the sum of $150,865.51 as additional income yield for and with respect to her interest in the productive investments in the corpus fund held by her under letters of trusteeship in the estate of said Manning F. Fisher.

The Board upon consideration of the case, further finds that on or about April 29, 1939, the appellant filed with the Tax Commission of Ohio her intangible and personal property tax return for the year 1939; in which tax return the appellant set out, among other things, the sum of $51,941.74 as her total income yield from productive investments, in which sum were included moneys in the amount of $43,218.00, which sum was set out in said tax return as appellant's income yield from productive investments included in the corpus of the fund which the appellant held under letters of trusteeship in the estate of Manning F. Fisher, deceased. And the Board finds that the appellant paid intangible and personal property taxes for said year in the amount of $2606.00 on and with respect to property set out in her said tax return, as aforesaid. The Board finds that on or about June 13, 1940, the tax commissioner, as the successor of the Tax Commission of Ohio, made an audit of appellant's said tax return and

of the informational return therewith filed, and thereupon increased the amount of taxable income yield of appellant of and with respect to her interest in productive investments for said year by adding to the total amount of her income yield from productive investments as returned by her, as aforesaid, the sum of $111,442.00 as additional income yield for and with respect to her interest in productive investments in the corpus fund held by her under letters of trusteeship in the estate of said Manning F. Fisher. It appears from the facts in this case that during the year 1937 the net income of the estate in the hands of the appellant under said letters of trusteeship was the sum of $205,415.52 of which amount the sum of $199,434.71 represented income of the estate from productive and taxable investments constituting a part of such estate. From the net income of the estate the appellant in her capacity as trustee under said letters of trusteeship, paid to herself during said year the sum of $50,000.00 for her maintenance and support as provided for in said will, and of this amount the sum of $48,569.20 represented income from taxable and productive investments of the estate. During the year 1936 the net income of the fund administered by the appellant under said letters of trusteeship was the sum of $160,637.08, of which amount $154,660.00 represented income from productive and taxable investments. During said year the appellant acting as trustee under said letters of trusteeship, paid to herself for her support and maintenance as provided for in said will, the sum of $45,000.00, of which the sum of $43,218.00 was income from taxable investments of the estate.

In this situation the question presented by the appeals filed in this case is whether under the last will and testament of Manning F. Fisher, deceased, the appellant took a life estate in the corpus of the fund provided for by this instrument, measured as to her taxable interest therein by the whole amount of the net income from productive and taxable investments constituting part of said fund, or whether, on the other hand such fund in the hands of the appellant under said letters of trusteeship was a trust fund in which the appellant had only an equitable and beneficial interest, measured for purposes of taxation by the amount of money paid to her annually as income yield of and with respect to such beneficial interest.

The last will and testament of Manning F. Fisher dated March 8, 1923, after providing for the payment of debts and funeral expenses and disposing of the testator's household effects, reads as follows:

"ITEM THREE: I give, devise and bequeath to my wife, Bertha C. Fisher, al the rest and residue of my estate, real, personal and mixed, in trust, however, for the following uses and purposes to-wit:

(a) To pay to my children, Jonathan Britton Fisher, Ellwood H. Fisher, Harriet Fisher and George C. Fisher, each the sum of Five Thousand Dollars ($5,000.00), the payment thereof to be made without interest five (5) years from the date of my decease, provided, however, that if any of said children shall have died before the time when said fund would be payable to said child if living, then said sum of Five Thousand Dollars ($5,000.00) payable to such deceased child if living, shall go to such deceased child's widow or widower, as the case may be, if living at such date and if there be no such widow or widower then living, said sum shall go to the issue of said deceased child, if any such be living at said date of payment; otherwise the bequest herein made to said child so dying, shall lapse.

(b) Subject to the provisions herein made for my children, I direct that said devise and bequest to my wife shall vest in her the absolute control of and title to all the rest and residue of my property and estate during the term of her natural life, she to have the right to use and consume so much of the income and principal thereof as may be necessary to support and maintain herself in comfort and also, in her discretion, to supply such maintenance and support or assistance therein, to my said children hereinbefore named and the children and husband or wife of any such, as she may deem proper. My said wife shall have full and unqualified discretion as to the mode and manner of the support and maintenance of herself and the amount, if any, of the support and maintenance supplied to said others.

I authorize my said wife to sell, and convert into money and reinvest, any or all of said property, without the intervention of any court, and to execute and deliver all instruments necessary or proper in that regard.

ITEM FOUR: Upon the death of my wife, Bertha C. Fisher, I direct that all of my estate, remaining unconsumed, shall be equally divided among my children, Jonathan Britton Fisher, Ellwood H. Fisher, Harriet Fisher and George C. Fisher. If before the death of my said wife, any of said children shall have died leaving a widow or widower, who is living at the time of the death of my said wife, then said widow or widower shall receive the sum of Five Thousand Dollars ($5,000.00), from the portion herein provided for said de-

ceased child and the remainder of said deceased child's portion shall go to the issue of said deceased child, if there be any such living at the time of my wife's death. If there be no such issue of said deceased child then living, said portion shall go to the survivor or survivors of my said children herein named or their issue then living.

ITEM FIVE: The foregoing provision for my wife, Bertha C. Fisher, shall be in lieu of dower, distributive share, year's support and all other allowances from, or claims against, my estate as my widow.

ITEM SIX: I nominate and appoint my wife, Bertha C. Fisher to be trustee and executrix of this my last will and testament and request the court to permit her to qualify as such without bond, and I direct that, if she cannot act as such or shall die, or resign from such trusts, then The Cleveland Trust Company of Cleveland, Ohio, shall act as such trustee and executor of this will and testament and as such shall have all the powers and discretion herein conferred upon my wife as trustee and executrix."

In the consideration of the question as to the nature and extent of the interest taken by the appellant under the last will and testament of Manning F. Fisher, deceased, in and with respect to the property therein referred to, it is pertinent to note than on March 30, 1936, letters of trusteeship under the terms of said will were issued to the appellant by the Probate Court of Cuyahoga County, Ohio. Thereafter, on May 21, 1936, appellant's final account as executrix under said last will and testament, was filed with the Probate Court of said county; and on July 20, 1936, this final account was approved by said court. On May 21, 1936, appellant, as trustee under said will also filed in the Probate Court of said county an inventory showing the assets in said estate received by her in said trusteeship. On May 27, 1938, appellant filed her first partial account with said court in the matter of said trusteeship. This account was approved on September 12, 1938. Appellant's second partial account in the matter of said trusteeship was filed on July 1, 1940, and was approved by said court on August 19, 1940. Said trusteeship has not been terminated by the Probate Court of the county, and the appellant is still rendering her accounts thereunder to said court. It is further pertinent to note in this connection that during the calendar year 1937 the appellant in the administration of such trusteeship distributed from the net income of said fund the sum of $15,000.00 to Jonathan Britton Fisher, Ellwood H. Fisher,

Harriet Fisher Chandler and George C. Fisher, children of said testator; and during the calendar year 1938 the appellant distributed from the net income of said fund the sum of $10,000.00 to each of said children. Said children filed their several and respective personal property tax returns for the years 1938 and 1939 and included as income yield from the fund held under trusteeship, the taxable portions of the amounts distributed to them respectively, as aforesaid; and they and each of them paid taxes thereon accordingly for each of said tax years.

In consideration of the issues presented by these appeals we do not consider it necessary to express any view on the question as to what, if any, effect can be given to a trust where the named trustee is likewise the sole beneficiary of the trust estate. For in the case here presented it is noted that the appellant, the designated trustee of the estate, is not the sole beneficiary thereof. As to this it appears that aside from the respective interests which the above named children of the testator had in the payment of $5,000.00 to each of such children provided for by the will of the testator, and aside from their respective interests in the trust estate on the death of the appellant, provided for by this will, the same instrument evinces the intention of the testator to confer upon these children a beneficial interest in the estate for their maintenance and support during the lifetime of the appellant as the trustee of said estate. True, this trust interest of these several children during the life of the appellant is discretionary in the appellant as trustee with respect to the benefit extended to these several children for the purpose of such maintenance and support; and in this view the several trust interests of these children are not such as would be assignable or alienable by them. See **Harker v Evatt, 140 Oh St 346, 351.** Inasmuch, however, as the appellant as trustee of this estate and acting under the authority conferred upon her by this will, made distributions of income to each of these children during the years 1937 and 1938, it follows that for and with respect to the tax years 1938 and 1939, here in question, these children and each of them had an actual taxable beneficial interest in the corpus of this estate measured as to each year by their income from taxable investments constituting a part or all of the corpus of the estate in the hands of the trustee. See Harker v Evatt, supra. It, therefore, follows that the appellant did not in and for the tax years 1938 and 1939 have an absolute life estate in the corpus of the property in her hands as the

504

named trustee under the will of the testator, to the exclusion of the several trust interests of the children of the testator in and for such tax years. From this conclusion it may well be argued that the only interest of the appellant in the corpus of this estate—aside from her legal title as trustee to the whole of such estate—was that of a life beneficiary in and to such estate, and that her beneficial interest therein was measured for taxation by the amount of money which was distributed to her by the trustee out of income from taxable investments for her maintenance and support, as provided for in the will of the testator.

In this connection it is further noted that it is no objection to the validity of the trust created by this will that the trustee named therein is one of the beneficiaries of the trust. And as to this it is further noted that in this situation the appellant as trustee holds the legal title to the whole of the estate without any merger in her of any part of such estate by reason of her interest as a beneficiary therein.

Scott on Trusts, sec. 99.5, pages 524, 525; Burbach v Burbach, 217 Ill. 547, 75 N. E. 519; Denniston v Pierce 260 Pa. 129, 103 Atl. 557, 558. See Biles' v Webb, 118 Oh St, 346. In Scott on Trusts, here cited, the following is said on the points above indicated:

"A trust may be created in which the sole trustee is A and the beneficiaries are A and B. The beneficial interests of A and B may be simultaneous or successive. Thus the purpose of the trust may be to divide the income and principal in equal or unequal shares between A and B; or the purpose may be to pay the income to A for life and on his death to pay the principal to B. In either case the fact that A is originally named or subsequently becomes sole trustee is not fatal to the existence and continuance of the trust. Certainly there will not be a complete merger extinguishing the beneficial interest of B with the result that A holds the entire property free of the trust.

"* * * where the purpose of the trust is to pay the income to A for life and on A's death to convey the principal to B, and A is originally named or subsequently becomes sole trustee, it is arguable that A holds a legal life estate free of trust and holds a legal interest in remainder in trust for B. Such a view, however, is objectionable since it defeats the purpose of the settlor in creating the trust. He intended that the whole legal interest should be subject to the trust to the same ex-

tent as though a third person were trustee. There is no reason of public policy requiring that the intention of the settlor should be thus defeated. Moreover, as a matter of mere legal technique, the view is unsound. The trust property given to the trustee was the whole of the trust property, and not two undivided shares or two successive interests. It is the equitable interest of the beneficiaries and not the legal interest of the trustee which is divided. The trust attaches to the whole of the trust property, and no part of it is held by the trustee free of trust."

On the considerations above noted the Board finds that a valid trust was created in the fund or estate here in question by the last will and testament of the testator; and that the only interest of the appellant, individually, in the corpus of such fund is an equitable interest in the corpus of such fund, which equitable interest was taxable for the years 1938 and 1939 on the several amounts of money which were distributed to her for her support and maintenance in the years 1937 and 1938, respectively, out of income in the hands of the trustee accruing from taxable investments constituting a part of said fund. And in this view and on the question here presented the Board finds that the tax commissioner erred in assessing taxes against the appellant for the year 1938 on the additional assumed income yield of $150,965.51, above noted; and likewise erred in assessing against the appellant for the year 1939 taxes on the additional income yield of $111,442.00, before referred to; and it is, therefore, considered and ordered that the several orders and assessments of the tax commissioner complained of in said appeal be, and the same are hereby, reversed, and that the tax commissioner issue corrected assessment certificates against the appellant for the tax years 1938 and 1939 in accordance with the findings and decision of the Board herein made.

In conclusion it is noted that a large part of the net income of this trust fund for the years 1937 and 1938 was not distributed by the trustee to the beneficiaries named in the will, but was accumulated. Although this fact suggests the possible application of the provisions of §5392 GC, to the situation thus presented, no question of this kind is here made and no opinion thereon is here expressed.

Board of Tax Appeals.