## ESTATE OF CATHARINE GOE, DECEASED.

### APPEAL BY MONONGAHELA N. BANK FROM THE ORPHANS' COURT OF ALLEGHENY COUNTY.

Argued October 28, 1891—Decided January 4, 1892.

A testatrix provided: " It is my distinct will and desire that none of the
effects, real, personal or mixed, as above devised and bequeathed to
my children, or to either of them, can be seized upon or levied upon
for any debt . . . . . against any one of my said children." A share of
personalty, so bequeathed, was not attachable in the hands of the execu-
tor: Beck's Est., 133 Pa. 51.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 121 October Term 1891, Sup. Ct.; court below, No. 71
December Term 1891, O. C.

On January 15, 1891, the account of R. S. Goe, executor of the will of Catharine Goe, deceased, showing a balance of personalty for distribution to the legatees, was called for audit.

By her will, dated February 15, 1888, and duly admitted to probate, Mrs. Catharine Goe bequeathed and devised to her nine children, including John S. Goe, all her estate, real, personal and mixed, of whatever nature or kind and wheresoever the same should be at the time of her death, share and share alike; providing further:

"Item. It is my distinct will and desire that none of the effects, real, personal or mixed, as above devised and bequeathed to my children, or to either of them, can be seized upon or levied upon for any debt or claim whatsoever against my husband, Henry B. Goe, or against any one of my said children."

A portion of the share of John S. Goe, one of the nine children and legatees, was claimed by the Monongahela National Bank, under an execution attachment to No. 16 March Term 1890, Court of Common Pleas of Fayette county, from a judgment for $426.36, in favor of said bank against John S. Goe, the writ having been served upon R. S. Goe, executor, on December 13, 1889. The said share was claimed also by Irene C. Goe, daughter of said John S. Goe, under an assignment thereof by the latter to her, dated August 17, 1889.

After argument, the auditing judge, OVER, J., on January 15, 1891, filed an adjudication, citing Beck's Est., 133 Pa. 51, awarding the share of John S. Goe, to wit, $1,449.54, to Irene C. Goe, the assignee thereof, and reporting a distribution accordingly. Exceptions to the adjudication having been argued before the court in banc, a final decree was entered dismissing the exceptions and confirming the adjudication. Thereupon the Monongahela N. Bank, exceptant, took this appeal, specifying the dismissal of the exceptions and the entry of the final decree, for error.

On September 17, 1891, an agreement of counsel was filed, "that the Supreme Court shall consider and determine the simple question, as to whether the legacy given to the said John S. Goe by the said testatrix, is attachable by appellant in the hands of her executor."

Opinion of the Court.

*Mr. C. C. Dickey* (with him *Mr. W. G. Guiler*), for the appellant.

Distinguishing Beck's Est., 133 Pa. 51, counsel cited: Girard Trust Co. v. Chambers, 46 Pa. 485; Keyser v. Mitchell, 67 Pa. 477; Hillyard v. Miller, 10 Pa. 326, 335; Davenport v. Harris, 3 Gr. 164.

*Mr. T. B. Searight*, for the appellee.
Counsel cited: Beck's Est., 133 Pa. 51.

● PER CURIAM :

By agreement of counsel filed, the issue here is narrowed down to the single question, whether " the legacy given to the said John S. Goe by the said testatrix, is attachable by appellant in the hands of her executor."

The will of Catharine Goe, the testatrix, contains the following clause :

" It is my distinct will and desire that none of the effects, real, personal or mixed, as above devised and bequeathed to my children, or to either of them, can be seized upon or levied upon for any debt or claim whatsoever against my husband, Henry B. Goe, or against any one of my said children."

This attachment was laid upon the fund in the hands of the executor. In Beck's Est., 133 Pa. 51, the gifts to Elizabeth Beck were given to her " expressly upon condition that they shall not be liable to be attached or seized for the debts or moneys which said Elizabeth Beck may owe at the time of my decease, but that the whole amount of her share shall be paid directly to said Elizabeth Beck by my executor, without diminution for the payment of her said indebtedness." In that case, we held that the money was not attachable in the hands of the executor, and that the clause in the will protected it in its transit from the executor to the legatee. While the clause above cited differs somewhat from the will of Catharine Goe, we think the legal effect is the same. The testatrix has declared emphatically that the legacies to her children shall not be seized or levied upon for debt. She had a right to protect her estate against creditors of the children. She could have so protected it, even after they came into the beneficial enjoyment of it. She does not do this. She merely protects it in transit. After it reaches

·the hands of the children, it becomes their property absolutely, and liable to all the incidents of property, among which is that of execution and attachment. We think the case is ruled by Beck's Estate.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.