# Kaufman *v.* Burgert.

*Will—Fee simple estate—Prohibition of alienation except by will.*

Where an estate in fee simple is devised and the testator attempts by a condition in the will to prevent its alienation except by will, the estate in fee simple passes to the devisee, and the condition against alienation is void as is also a condition against liability for the devisee's debts.

Testator having given his son a fee simple estate in land directed in a subsequent clause in his will that the estate should not be liable for his son's debts, and that his son should not " sell and dispose of any part thereof, that the same shall go and vest in his heirs, unless he shall devise the same by his last will and testament, which he is authorized and empowered hereby to do." *Held*, (1) that the condition against alienation was void, and that the son took an absolute estate, in fee simple; (2) that the devise in fee with condition that it shall not be liable for the debts of the devisee, was as repugnant to the estate as a condition not to alien.

Argued Feb. 26, 1900. Appeal, No. 18, Jan. T., 1900, by defendant, from judgment of C. P. Berks Co., Jan. T., 1900, No. 40, on case stated in suit of Cyrus W. Kaufman v. Benneville Burgert. Before GREEN, C. J., McCollum, Fell, Brown and Mestrezat, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

The facts set forth in the case stated sufficiently appear by the opinion of the Supreme Court.

The court entered judgment in favor of plaintiff for $7,500 being the amount of purchase money which defendant had agreed to pay to plaintiff for land devised to plaintiff by his father.

*Error assigned* was in entering judgment for plaintiff.

*Ira P. Rothermel*, for appellant.—The words, " I give and devise unto my son, Cyrus William, his heirs and assigns forever, the farm . . . . " " the farm in which I now live," standing by themselves, clearly create a fee. The words, however, by subsequent clauses in the will, cut down a fee to an estate for life: Urich v. Merkel, 81 Pa. 332; Urich's App., 86 Pa. 386; Shalters v. Ladd, 141 Pa. 349; Sheet's Est., 52 Pa. 257; Guthrie's App., 37 Pa. 9; Morris v. Phaler, 1 Watts, 390.

Where the intention to give but a life estate is manifest, incumbrances charged on the land devised will not enlarge it into a fee: Gernet v. Lynn, 31 Pa. 94; Nes v. Ramsay, 155 Pa. 628.

The intention of the testator must be gathered from the four corners of his will: Mütter's Est., 38 Pa. 314; Shreiner's App., 53 Pa. 106; Grove's Est., 58 Pa. 429.

*W. K. Stevens*, of *Stevens & Stevens*, for appellee.—It is admitted that the devise is of an absolute estate. A power of alienation is necessarily and inseparably incident to an estate in fee, and, therefore, if lands be devised to A. and his heirs upon condition that he shall not alien, the condition is void: McWilliams v. Nisly, 2 Sergeant & Rawle, 513; Jauretche v. Proctor, 48 Pa. 466; Good v. Fichthorn, 144 Pa. 287; Keyser's App., 57 Pa. 236.

OPINION BY MR. CHIEF JUSTICE GREEN, March 26, 1900:

There cannot be the least doubt that the estate given by the

will of Daniel B. Kaufman to his son Cyrus William Kaufman, in the land in question, is an absolute estate in fee simple. The devise is in the following words : " I give and devise unto my son Cyrus William, his heirs and assigns forever, from and after the expiration of eighteen years from the date hereof, the farm on which I now live situate in Maidencreek Township, aforesaid, bounded as follows," etc. The payment of some legacies was imposed, and a subjection to some reservations, but none of these affect the character or extent of the devise, or of the estate thereby created. In the later clause of the will, which is supposed to have diminished the estate below a fee simple, the testator directed as follows : " It is my will and I direct that the farm devised to my son Cyrus Williams shall not be liable for any debts of his contraction, nor shall the same be incumbered or sold for any of his liabilities, nor shall my son sell or dispose of any part thereof, but the same shall go and vest in his heirs unless he shall devise the same by his last will and testament, which he is authorized and empowered hereby to do." It is very clear that the estate devised was an estate in fee simple with power to dispose of the same by will but not by deed. In other words an attempt was made to confer a fee simple estate shorn of a power to alienate except by will. The authorities are quite clear that in such case the estate in fee simple passes to the devisee and the condition against alienation is void.

The case of Jauretche v. Proctor, 48 Pa. 466, was almost precisely like this. WOODWARD, C. J., delivering the opinion said : " Such then is this will, the devise of an absolute estate to the wife, with all the rights of a tenant in fee, except the power of alienation, and with direction that what may remain of the property at her death may be equally divided among the children. Now a power of alienation is necessarily and inseparably incident to an estate in fee, and therefore if lands be devised to A. and his heirs upon condition that he shall not alien, the condition is void: 4 Kent, 131; McWilliams v. Nisly, 2 S. & R. 513 ; Schermerhorn v. Negus, 1 Denio, 448. . . . A partial restriction, such as not to alien to a particular person or for a limited time, may be supported, but a general restraint of alienation, when annexed to an absolute estate, is void, upon the

familiar principle that conditions repugnant to the estate to which they are annexed bind not."

In the foregoing case the restraint was upon the power of alienation; in the one following it was upon the liability of the estate devised, for the debts of the devisee. Keyser's Appeal, Naglee's Estate, 57 Pa. 236, in which we held that a devise in fee with condition that it shall not be liable for the debts of the devisee, is as repugnant to the estate devised as a condition not to alien. In the opinion of the lower court by SHARSWOOD, J., which was adopted by this court, it was said : " But we have here the case of a trust of the fee giving the cestui que trust the beneficial estate with a provision that it shall not be liable to the debts of the cestui que trust. Such a provision if there had been no trust, would have been as repugnant to the estate devised as a condition not to alien. . . . It seems to me that the mere interposition of a dry trustee will not enable a testator to give a beneficial estate in fee simple with all the incidents of ownership, except that of liability for debts."

In the second clause of the will, above cited, and the one which contains the attempted restrictions, the very words which make the estate of the devisee a fee simple are again repeated, as follows : " But the same shall go and vest in his heirs, unless he shall devise the same," etc. So that it cannot be argued that the case comes within the line of decisions, that where any estate in fee is given, yet by subsequent provisions of the will an intent is manifested to reduce the fee to a less estate the fee shall not pass. These are the cases cited for the appellant, but it is quite clear that they cannot apply, because in the subsequent clause in this will, the very clause which imposes the restrictions, it is expressly again declared that the estate shall go to his heirs, thus repeating the words that declare a purpose to make the estate of the devisee a fee simple estate. The same principles are again announced and enforced in the case of Good v. Fichthorn, 144 Pa. 287. Our Brother MITCHELL delivering the opinion, said : " So here the testator gave an absolute fee, with express powers to consume or convey. He did not devise the unconsumed residue himself, but desired his wife to do so. He put his request in strong words, ordinarily importing command, but so used as to indicate only an intent, not to reduce the estate previously given, but to control one

of its incidents. Where that is the intent, no words, however strong, amount to more than a request which cannot be enforced by law." There are many other cases to the same effect but it is not necessary to cite them.

Judgment affirmed.