## Siegwarth's Estate.

*Trusts and trustees—Spendthrift trust—Assignment by cestui que trust.*
Where testatrix gives a share of her estate to her executor to pay the income therefrom to her son, "but no part of the principal of said estate is to be given to my said son for five years after my death, and then only when in the judgment of my executor" he shall prove himself "to be entirely competent and qualified to take proper care of same," the son cannot assign or sell such share within five years from the death of the testatrix, and if he attempts to do so, his assignee or vendee takes no valid title.

Argued Nov. 2, 1909. Appeal, No. 196, Oct. T., 1909, by

J. Henry Long, from decree of O. C. Allegheny Co., Sept. T., 1906, No. 149, dismissing petition for an account in Estate of Margaretha Siegwarth, deceased.    Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Petition for an account.

From the record it appeared that the petitioner had purchased from William Siegwarth a three-quarters interest in his share of the estate of his mother, Margaretha Siegwarth, within five years from the latter's death.    The portion of the will of Mrs. Siegwarth material to the issue is as follows:

"In respect to the share, part or portion of my estate, given to my sons Philip Siegwarth and William Siegwarth, I direct that the same be held by my executor, hereinafter named in trust for my said sons Philip Siegwarth and William Siegwarth, the income and clear annual profit arising from the interest or share hereby given is to be paid to my said sons Philip. Siegwarth and William Siegwarth, but no part of the principal of said estate is to be given to my said sons Philip Siegwarth and William Siegwarth, for five years after my death, and then only when in the judgment of my executor, they shall have proven themselves to be entirely competent and qualified to take proper care of same, at which time the said trustee shall pay the same over to my said sons Philip Siegwarth and William Siegwarth, and in the event of the death of either of my said sons Philip or William Siegwarth, without issue, then their share or shares shall revert back to my estate, and shall go to and be divided among my remaining heirs."

The court dismissed the petition.

*Error assigned* was the decree of the court.

*W. A. Hudson,* for appellant.

*R. S. Martin,* with him *Jere Carney,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 3, 1910:

The appellant who is the assignee of the legatee filed a peti-

tion in the court below asking for an accounting by the trustee of the cestui que trust treating his share of the estate as absolute while in fact the executor holds it as part of the estate of the testatrix and is exercising supervision over it under the directions of the will. In the consideration of this case it must be borne in mind that we are dealing primarily with the estate of the testatrix and only secondarily with the share set apart for the benefit of her son who has undertaken to make an assignment of his interest to appellant. The estate belonged to the mother, and she could dispose of it as she chose and in any manner not unlawful. The son only took what his mother gave him and upon such conditions and restraints as she thought proper to impose. We agree with the views expressed by the learned court below wherein it is held that irrespective of the character of the estate in William there is seated upon it an active trust at least for a period of five years and may be longer, and inasmuch as the five-year period has not yet expired he has not come into possession of his share which is still held by the executor in trust for the uses and purposes stated in the will. The duties of the executor with respect to the trust estate are active and continuing during the trust period and are being performed as the will directs. If this appeal be sustained the intention of the testatrix to safeguard her benefaction against the improvidence or incompetency of the beneficiary will be defeated. This should not be allowed unless positive and imperative rules of law so require. We think it is not necessary to adopt a rule of construction the result of which will be to defeat the plain intention of the testatrix as expressed in the will. In this proceeding it is not necessary to consider or determine the kind and character of the. estate given to William because the time has not yet arrived either for himself or for his assignee to demand that the estate be turned over to the person or persons ultimately entitled to the use and enjoyment of it. It is held in trust for the benefit of William as the will provides, and during that period the hands of all parties are tied so that the corpus of the trust estate at least may not be disturbed, and since the income was intended for the personal use of the son and the trust being

in its nature spendthrift, he should not be permitted to barter away what was given for his benefit before the time fixed for vesting the absolute estate in him either by the lapse of time or by his proving himself worthy to receive it as the testatrix directed. The petitioner has no standing to demand an accounting, and we find no error in the disposition made of the case by the learned court below.

Decree affirmed at the cost of appellant.