## Hall's Estate.

*Wills—Spendthrift trust of income—Termination of trust—Assignment of principal—Validity.*

Where a testator made a bequest to trustees to pay income to his son until he should arrive at the age of thirty years and thereafter to convey the principal to said son and by codicil directed his trustees "to pay the net income thereof, to my son......until he shall arrive at full age of thirty-five years, in such manner that the same shall not be liable for his debts or engagements and shall not be assigned or anticipated by him nor be subject to attachment or any other claim of any of his creditors. As soon as my said son arrives at the age of thirty-five years, I order and direct the said trustees......to grant and convey unto him, his heirs, etc., the entire principal of said trust estate free from any trusts or limitations whatsoever," an assignment by the son prior to the termination of the trust of a portion of the principal entitled the assignee to the payment of the amount assigned upon a termination of the trust; the spendthrift clause protecting the income incidentally protected the corpus during the period of the trust from execution or assignment but did not protect the principal in transmission to the beneficiary and the fund became liable to execution the moment the trust ended.

Argued Jan. 18, 1915. Appeal, No. 292, Jan. T., 1914, by George Raymond Hall, from decree of O. C. Philadelphia Co., Jan. T., 1907, No. 182, dismissing exceptions to adjudication, in Estate of George W. Hall, deceased. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to adjudication. Before GUMMEY, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in the opinion by ANDERSON, J. George Raymond Hall appealed.

*Error assigned* was in dismissing the exceptions.

*Jasper Y. Brinton,* of *Conlen, Brinton & Acker,* for ap-

pellant, cited: Hartman Est., 31 Pa. Superior Ct. 152, p. 155; Holbrook's Est., 213 Pa. 93; Stambaugh's Est., 135 Pa. 585.

*Frank P. Prichard,* with him *J. L. Richey* and *John G. Johnson,* for appellee, cited: McCandless Est., 58 Pitts. L. J. 28; Overman's App., 88 Pa. 276; Morgan's Est., 223 Pa. (No. 1) 228.

OPINION BY MR. JUSTICE FRAZER, February 22, 1915:

George W. Hall, the testator, died December 14, 1906, leaving a will wherein he devised and bequeathed to his executors an undivided one-half part of his residuary estate in trust to invest the same and pay the net income thereof to his son, George Raymond Hall, until he should arrive at the age of thirty years. And at the expiration of that time to grant and convey to the son, his heirs, executors, administrators and assigns, "the entire principal of the estate so given to them in trust," with the remainder over, in case of the son's death before reaching the age of thirty years. By a codicil, testator altered the terms of the trust to read as follows: "I do now give, devise and bequeath unto the said Peter Boyd and to the Guarantee Trust and Safe Deposit Co. and the survivor of them, their heirs, executors, administrators, successors and assigns, the one full undivided half part of the rest, residue and remainder of my estate which I gave to them by my will aforesaid, in trust, however, for the following uses and purposes and no other. To invest the same and keep the same invested in lawful securities and pay the net income thereof, to my son, George Raymond Hall, until he shall arrive at the full age of thirty-five years, in such manner that the same shall not be liable for his debts or engagements and shall not be assigned or anticipated by him nor be subject to attachment or any other claim of any of his creditors. As soon as my said son arrives at the age of thirty-five years, I order and direct the said trustees and the survivor of

them to grant and convey unto him, his heirs, executors, administrators and assigns, the entire principal of said trust estate free from any trusts or limitations whatso-. ever." The only changes made by the codicil to the trust clause were, the extension of the term of the trust by five years; the creation of a spendthrift trust, and the addition to the gift of the principal of the words, "free from any trusts or limitations whatsoever." Before arriving at the age of thirty-five years the son assigned to his wife, in settlement of her claim against him for alimony and for the expenses of divorce proceedings, the sum of ten thousand dollars out of the principal of the trust fund to be paid immediately upon his attaining the age of thirty-five years, subject to a similar assignment to his mother for the sum of thirteen thousand dollars. At this same time he gave his wife a judgment note for a like amount payable the day after his thirty-fifth birthday. When the cestui que trust reached the age of thirty-five the trustees filed their account; and upon the audit in the court below, the wife, who had been divorced from him on the date of the assignment, made claim for the sum of ten thousand dollars with interest to be paid out of the principal of the fund for distribution. It also appeared that on the day after the cestui que trust reached his thirty-fifth year, judgment was entered against him on his ten thousand dollar judgment note, and an attachment execution issued on such judgment and served on the trustees as garnishees. The cestui que trust resisting both the claim under the assignment and that of the judgment and attachment, contended that his father's will protected the principal of the trust fund as well as the income from his debts and engagements and from assignments or anticipation by himself or attachment by his creditors. The auditing judge held the assignment to be valid and effective, and awarded the assignee ten thousand dollars with interest from the date, when the principal was payable. To this adjudication the cestui que trust filed exceptions which were dismissed

by the court.  He then took this appeal.  It is not dis-
puted that the will created a good spendthrift trust as to
the income of the fund until the son should attain the
age of thirty-five years.  The question raised by the ap-
peal is, whether the provision in the will, prohibiting
assignment or anticipation, was intended to apply to the
principal as well as to the income.  Appellant argues
that it was so intended, for the reason that the word
"same" which is used twice at the beginning of the trust
clause as referring to the principal of the trust fund,
must be given the same meaning when again used in that
clause.

The trust provisions may be divided into three parts
as follows:  (1) The direction to invest the trust fund
and keep it invested;  (2) The disposition of the income,
and (3) an entirely separate sentence which disposes of
the principal.  The trustees are directed to "pay the net
income......in such manner that the same shall not be
liable for his debts."  The words, "in such manner" ap-
ply only to the payment of the income, as the manner of
investing the principal clearly cannot affect the spend-
thrift trust.  The word "same" immediately following
these words must consequently also refer to income only.
The fact that testator had previously twice used the word
"same" in reference to the investment of the principal,
does not indicate that when he used it a third time he in-
tended it still to refer to principal.  Another antecedent
"net income" had then intervened, and the obvious and
grammatical construction of testator's language must re-
fer "same" to this latter antecedent.  It was an entirely
appropriate word for him to use in that connection.  The
third part of the trust clause is the only portion that re-
lates to the disposition of the principal.  It is a new
sentence and entirely separate and independent from the
sentence relating to the income.  It contains no pro-
vision protecting the subject of the gift from liability for
the legatee's debts or engagements, or from assignment
or anticipation by him.  On the contrary it expressly

provides that the principal shall be conveyéd to him "free from any trusts or limitations whatsoever." With the exception of the latter words, the language used is practically identical with that of the corresponding provision of the will, which contained no spendthrift trust clause even as to the income. These words and the word "entire" in the phrase "entire principal" were unnecessary, as the same thing was expressed without them, and seem to have been used merely for emphasis. The words "heirs, executors, administrators and assigns" are words ordinarily used to indicate a gift of an absolute interest. There is nothing to show that they have any other purpose here. The spendthrift clause protecting the income, incidentally protected the corpus during the period of the trust from execution or passing by assignment, Siegwarth's Est., 226 Pa. 591, as there could be no income without the trustee's possession of the corpus. There is nothing in the will or in the codicil which indictates an intention to subject the principal to spendthrift trust. Neither is there provision for protection of the corpus of the estate in transmission to the beneficiaries at the end of the trust, as in Beck's Est., 133 Pa. 51; Goe's Est., 146 Pa. 431, and Hartman's Est., 31 Pa. Superior Court 152. In McCandless Est., 58 Pitts. L. J. 28, in the Orphans' Court of Allegheny County, there the will provided that the trust should continue for ten years following the death of testator's wife. The net income or profit arising therefrom to be paid to the two sons of testator in equal quarterly payments, free and clear from all liability for debts of the sons and not subject to anticipation, and at the expiration of that period the estate to be divided into equal parts or shares, and transferred and paid over to the sons and their heirs forever.

In construing this provision, Judge HAWKINS points out these distinctions, and holds that it was testator's intention to protect the income "but there was neither express nor implied provision for protection in trans-

mission to the beneficiaries of the corpus at the end of the trust. If this had been intended, the obvious course would have been to have had the protecting clause follow the dispository clause, as was done in Beck's Est., 133 Pa. 51, and Goe's Est., 146 Pa. 431, cited by counsel. It was to be transferred at the end of the period of trust to the sons it is true, but not as in the case of the income free and clear of their debts. If there was no restriction in transit the fund became liable to execution the moment the trust ended."

There is no substantial difference between that case and this, and what is said there should be applied here. Under this view of the case it is not necessary to consider the right of the claimant under her attachment.

Decree affirmed at the cost of appellant.