## Hays *v.* Viehmeier et al., Appellants.

*Wills—Devise — Trusts and trustees — Estate in fee simple — Spendthrift trust.*

A son takes a fee simple estate in land under his father's will, where the devise is to a trustee "for the use and benefit of my son, his heirs......so that the same shall be free from all debts and liabilities of my son, and to permit my son to enjoy the usufruct and profits thereof."

Argued May 6, 1919.   Appeal, No. 50, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., April T., 1919, No. 1970, for plaintiff on case stated in suit of Cordelia E. Hays v. W. F. Viehmeier and W. A. Coleman.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Case stated to determine marketable title to real estate.

SHAFER, P. J., filed the following opinion:

The action is assumpsit for the purchase money of lands agreed to be sold by the plaintiff to the defendants, and the parties have stated the case in the nature of a special verdict, for the opinion of the court.   The title of the plaintiff is derived from the devise of one William McClurg who died in 1890, and the sole question in the case is the effect of a clause of the will of John McClurg, probated in August, 1854, a copy of which is made part of the case stated.   By this will the testator gave to three of his sons an undivided fourth interest in his farm, and the other undivided fourth he gave to John S. Hamilton "for the use and benefit of my son William McClurg, his heirs, to be held in trust for the benefit of William so that the same shall be free from all debts and liabilities of said William McClurg and to permit said William McClurg to enjoy the usufruct and profits thereof, and the said trustee is hereby authorized and empowered to sell and convey the said undivided fourth of said farm

or premises at the request of said William McClurg and to invest the proceeds of any such sale upon similar trust in other lands or to and for the payment of the interest thereof to said William McClurg on his own receipts as the said trustee shall deem such sale, investments and payments most expedient for the benefit of said William McClurg." The will further provides that on the death of either of the other three sons without lawful issue the share of such deceased should be vested in the survivor or survivors of them, their heirs and assigns.

The question submitted for the determination of the court in the case stated are (1) whether the trust was an active one in which William McClurg had only a life estate "and at his death the same descended to his heirs generally" or (2) whether the trust was passive, giving William McClurg a fee simple with power of disposing of the land by will, or (3) whether, if the trust be deemed active and William McClurg had only a life estate, there was a power of appointment in him to enable him to dispose of the land by will.

The devise is to a trustee for the use and benefit of William McClurg, "his heirs," which must mean "and his heirs," and if there were nothing further in the will it would be very plain that William took a fee. It remains to be seen, therefore, whether there is anything in the following part of the will which would cut down his interest to a life estate. This may be done "if the subsequent language of the instrument unequivocally shows that such was the intention of the testator": Shower's Est., 211 Pa. 302. In the first place it is to be observed that the testator in this paragraph of his will disposes of the whole of his farm; he gives one-fourth to a trustee for William and his heirs; the other three-fourths he gives to each of his three sons with a provision that if they die without issue their shares shall go to the others and their heirs. This seems to indicate a clear intention on his part to dispose of the whole of this farm and that the share of William should be in fee. The testator then

makes provisions which taken by themselves would appear to make a valid spendthrift trust in William if the estate given in trust to him were only for his life. Such a trust cannot be created for one who has a fee: Keyser's App., 57 Pa. 236. We have then a case where a testator appears to be endeavoring to do two things which are incompatible with each other, namely, to give his son the land in fee and at the same time to protect it from his creditors; and the question is, whether the provisions restricting the power of William McClurg over the land are such and so unequivocally expressed as to indicate that the testator did not mean to give him a fee. In Shower's Est., supra, there was no express gift in fee but the gift of the income without a limitation over of the principal would have indicated a gift of the principal itself, which was held, however, not to be the effect of the will, because the testator in that case has expressly declared that the beneficiaries were to enjoy the interest only and in no way to impair or damage the principal. This was certainly an unequivocal declaration that the gift of the income was not to be interpreted as a gift of the principal. In the present case, however, we have it expressed in proper technical words that the gift is in fee. There is nothing to show that the testator did not mean this except the statement that it was not to be liable to the debts and liabilities of William. While the legal effect of such a provision, if valid, would be to cut down the estate given to a life estate, there is nothing to indicate that the testator knew that or intended it, and nothing to indicate that William was not to enjoy the estate as fully as any other owner except that it was not to be liable for his debts, and that if it was sold the trustee should supervise the investment. We are of opinion that this is not a sufficiently unequivocal declaration of a different intention, to set aside the plaintiff's technical and unequivocal gift of a fee, and that we have here the gift of a fee with an ineffectual attempt to make it free from the debts of the devisee.

As to the three questions submitted in the case stated, we are of opinion that William McClurg took a fee and not a life estate; that he had power of disposing of the land by will and that there is nothing to show any power of appointment in him if he had only a life estate.

It is therefore ordered that judgment be entered for the plaintiff for the amount agreed upon, to wit: $4,320.

*Error assigned* was the judgment of the court. Defendants appealed.

*Max J. Spann,* with him *James A. Wakefield,* for appellants.

*Willis F. McCook* and *B. J. Jarrett,* for appellee, were not heard.

PER CURIAM, June 21, 1919:

This judgment is affirmed on the characteristically clear and satisfactory opinion of the learned president judge of the court below directing it to be entered.