PATTON v. WINTERS et al.—101 S. W. (2d) 708.

Middle Section. September 5, 1936.

Petition for Certiorari denied by Supreme Court, February 13, 1937.

James C. Havron, of Nashville, for Fannie Louise Patton, executrix.
Goodpasture & Carpenter, of Nashville, for Eugene M., G. N., and J. W. Winters.

Leroy McGregor, of Nashville, for Nashville Trust Co., guardian.

Currell Vance, of Nashville, amicus curiae.

DeWITT, J. This appeal presents the question of liability of property held in trust for the use and benefit of W. M. Winters to be subjected to the payment of his debts after his death. He died testate on December 26, 1934. The bill in this cause was filed by his daughter as executrix to have this question determined. The chancellor decreed that this estate, formerly so held in trust, could not be subjected to the debts. It is insisted that this was error.

■ · The testator, W. M. Winters, made no express provision for the payment of his debts but did direct that his funeral expenses be paid. The omission of provision for the payment of his debts is immaterial, for, if the property involved could be subjected to such payment, the law would compel such payment regardless of such omission.

This trust estate was created by the will of G. W. Winters, father of W. M. Winters, and said will was construed in the case of Winters v. March, 139, Tenn., 496, 202 S. W., 73, 74. A close consideration of the opinion in that case is necessary to a determination of the issue here presented. The creation of the trust was made by the sixth item of the will of G. W. Winters, which is as follows:

"All the rest and residue of my estate of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, real, personal or mixed, I leave in trust to the firm of Winters & Hardison as trustee for my said wife and three children, share and share alike, the income derived therefrom by said trustees to be paid over to my said wife and children as their necessities may demand, and in the event that their condition is such that it is unnecessary to encroach upon the income therefrom, then I direct that said trustees invest the income so as to bring in an income."

██ Although the interests of the beneficiaries were not expressly made exempt from payment of their debts, the trusts created were spendthrift trusts. Chapter 11, sec. 1, Acts 1832, Code sec. 10353. The trust estates were protected from creditors during the continuance of the trusts, since there could be no income without the trustee's possession of the corpus. But the trustee took exactly what the pur-

poses of the trust required, and no more. Ellis v. Fisher, 3 Sneed, 231, 65 Am. Dec., 52.

In Winters v. March, supra, the controlling proposition upheld was that the aforesaid sixth item did not create a perpetuity and was therefore valid. The touchstone was the duration of the trust. The rules were applied .that the duration of a trust depends upon the purposes of the trust; and when the purposes have been accomplished the trust ceases. There was no attempt at perpetuity. The court said :

"The trust will cease as to each cestui que trust at death. Each devisee is entitled to receive the portion of the income from his share as his necessities may demand and, of course. the necessities of each end at death. The will does not provide for any devise over of the residuum of the estate after the death of the beneficiaries, hence the share of each beneficiary will go at death to his or her devisee, distributee, or heir, as the case may be. Temple v. Ferguson, 110 Tenn., 84, 72 S. W., 455, 100 Am. St. Rep., 791; Ellis v. Fisher, supra; Smith v. Metcalf, 38 Tenn. (1 Head), 64; Rogers v. White, 33 Tenn. (1 Sneed), 68.

"It is insisted, however, that if the will does not create. a perpetuity, the testator died intestate as to the remainder, after vesting a life estate in trustees for complainants, and having both the life estate and remainder, the former became merged in the latter, and therefore the trust fails. The will does not create a life estate in the beneficiaries. The testator devised his property to them, without qualification, except that it is left in equal shares and in trust."

The contentions here made that W. M. Winters took no estate in the corpus of his share, or that if he took any it was only a life estate, are in the very face of the foregoing declarations by the Supreme Court. First, the second sentence of the first paragraph quoted shows that by the omission of any limitation over upon the death of the beneficiaries the share of each beneficiary will go at death to his or her devisee, distributee, or heir, as the case may be. This language means that each beneficiary took, subject to the trust, an estate in fee simple; and that it might pass by will or by descent or distribution if the beneficiary should die intestate. Only upon the basis of a fee simple could such an estate pass to devisees, legatees, distributees, or heirs.

Second, the court, in the second paragraph quoted, defined the estate of the beneficiaries in even clearer terms—leaving no room for doubt that instead of a life estate, each beneficiary took under the will an estate without qualification, except that the shares were equal and in trust.

The trust having ceased upon the death of W. M. Winters, the trust property passed to his executrix in possession, to be adminis-

tered in accordance with his will and the law. In such transmission was it protected from claims of creditors incurred by him during the existence of the trust? It is insisted that freedom from such protection would mean that what the cestui que trustent could not do directly during his lifetime could thus be done indirectly. But the purpose of the spendthrift trust had been accomplished when he died. The corpus had been immune because of the necessity for producing an income. This necessity was over. Neither in the will of G. W. Winters nor that of W. M. Winters was there any trust created for those who would take this property after the death of W. M. Winters. Only by adhering to the proposition that at his death the property became free of the trust, except perhaps for purposes of liquidation; can this question be clearly and properly solved. The beneficiary could create the debts, but they could not be paid out of the trust estate. It was no longer held for the purposes of the trust when the beneficiary had died. Held in fee simple and the trust having ceased, the property became liable for the debts. The beneficiary was under no obligation to preserve the immunity by any testamentary provision, and this was not done by him. The case is in a different category from those cases in which it was sought to subject to the claims of creditors property held under spendthrift trusts while the cestui que trustents were still alive. Jourolman v. Massengill, 86 Tenn., 81, 5 S. W., 719; White v. O'Bryan, 148 Tenn.. 18, 251 S. W., 785; Tramell v. Tramell, 162 Tenn., 1, 32 S. W. (2d), 1025, 35 S. W. (2d), 574.,

Different also is the case of Staub v. Williams, 5 Lea, 458, because the devise in that case was to trustees for the use and benefit of sons of the testatrix, with liberty in the trustees to convey the property to each of the sons, or to the heirs at law of any deceased son, or in such other mode as the trustees might deem proper; and the intention was expressed that there be a just and equal distribution of her property among her children, or those representing them. That suit also was brought to subject the interest of a beneficiary during his lifetime.

A case quite analogous in principle is In re Estate of Hall, 248 Pa., 218, 93 A., 944, 2 A. L. R., 855, holding that under a devise in trust to pay net income to testatrix' son until he arrives at a specified age, in such manner that the sum shall not be liable for his debts, and shall not be assigned or anticipated by him, and then to convey the principal to him free from any trust or limitation whatever, the principal is not protected in transmission to the beneficiary, but an assignment by him of a portion of the principal may be enforced against the property in the hands of the trustee at the termination of the trust. As in the instant case, there was neither express nor implied provision for protection in transmission to the beneficiary of the corpus at the end of the trust.

The decree appealed from is reversed insofar as it declared that the trust estate bequeathed to W. M. Winters by G. W. Winters and disposed of by the will of W. M. Winters, is not liable for the debts of W. M. Winters. A decree will be here entered accordingly. The costs of the appeal will be adjudged against the executrix and the surety on her appeal bond, it appearing to be proper that this is a case in which the costs should be paid out of the estate. The cause will be remanded to the chancery court of Davidson county for further proceedings not inconsistent with this opinion.

Faw, P. J., and Crownover, J., concur.