Girard Trust Company of Philadelphia et al., Appellants, *v.* Newhall et al.

204

Argued September 28, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Harry J. Alker, Jr.,* with him *Edwin Hall, 2d,* for appellants.

*W. Heyward Myers, Jr.,* with him *Morgan, Lewis & Bockius,* for appellees.

OPINION BY RHODES, J., December 19, 1939:

This is an action in assumpsit begun by a writ of foreign attachment. In due course interrogatories were filed and served upon the garnishee, Fidelity-Philadelphia Trust Company et al., executors of the last will and testament of Thomas H. Dougherty, Jr., deceased. They answered that by said will the sum of $1,000 was bequeathed to defendant, David Newhall, absolutely, but averred that said legacy was not attachable in their

hands by virtue of a "spendthrift" clause contained in said will, which clause is quoted hereinafter. The court below held that the legacy was exempt from attachment by said clause, and discharged plaintiffs' rule for judgment. They have appealed.

In the first paragraph of the will the testator directed the payment of debts and funeral expenses; in the second he bequeathed all his household goods, jewelry, and other personal effects to his wife; in the third he bequeathed $1,000 to his sister; in the fourth he bequeathed the sum of $1,000 to David Newhall, which paragraph is printed in the margin;[1] in the fifth he bequeathed the sum of $100 to the Germantown Dispensary and Hospital; in the sixth he gave, devised, and bequeathed to his executors and trustees all the rest, residue, and remainder of his estate, in trust, for his wife for life, with certain provisions for his children upon her death; in the seventh he directed that all specific and pecuniary legacies be paid without deduction for any taxes. The eighth paragraph is printed in the margin.[2] The ninth paragraph deals with the power of the executors and trustees, and the last paragraph appoints the executors and trustees.

Of chief importance are paragraphs 4 and 8 in which

---

[1] "Fourth: I give and bequeath the sum of one thousand dollars ($1,000.) to my friend, DAVID NEWHALL, absolutely. In the event of his death before me, then I give and bequeath the said sum of one thousand dollars ($1,000.) to his widow, or if she be then deceased, then to the lawful heirs of the said DAVID NEWHALL."

[2] "Eighth: The principal and interest payable to the beneficiaries herein named, and every of them, shall be free from all their debts, contracts and engagements, and without right on the part of them, or any of them, to anticipate, alienate or in any manner dispose thereof, and likewise free from all suits, attachments, levies or proceedings whatsoever, either at law or in equity, arising out of or for the purpose of enforcing the collection of any contracts, obligations, debts or claims of any kind whatsoever of said beneficiaries, or any of them."

appear the gift to defendant, and the "spendthrift" clause respectively. Appellants concede that the testator could by appropriate language render the legacy immune from attachment in the hands of appellees, and protect it in transit from appellees to the legatee (*Beck's Estate,* 133 Pa. 51, 19 A. 302; *Goe's Estate,* 146 Pa. 431, 23 A. 383), but they contend that paragraph 8 of the present will cannot be so construed with reference to the legacy to defendant.

The will in question is not a haphazard instrument, and manifests a systematic testamentary scheme. It is easily divided into two parts; the dispositive portion embracing paragraphs 1 to 6, and the portion relating to the execution thereof which includes the remainder. Because paragraph 8 stands alone and follows the residuary clause in paragraph 6, appellants argue that its operation must be restricted to that clause. As we view the will, this is too narrow a construction. The general outline of the will casts whatever weight is to be accorded the relative location of paragraph 8 in favor of a contrary inference. Standing, as it does, second among various paragraphs whose obvious purpose is to direct and control the execution of the will generally, the location rejects a construction that would confine its operation to the preceding residuary clause, and indicates one having a wider application if the language permits.

Appellants contend also that the words "principal and interest" are referable to the gifts in trust created by the residuary clause and not to legacies. "Interest" is not foreign to a legacy (Fiduciaries Act of June 7, 1917, P. L. 447, §21, 20 PS §633),[3] and it was not impossible that interest might accrue on the legacies given by the will before they were paid. Not once is the word "interest" used by the testator in the residuary clause to which appellants would restrict the operation

---

[3] Amended by Act of June 24, 1939, P. L. 714, 20 PS §633.

of paragraph 8, but instead he designated increment by "net income," "accumulations," "income." Obviously, the purpose of paragraph 8 was to protect such interest as might accrue, but not to confine the operation of the paragraph to such gifts only as bore interest. "Principal" has no strict legal meaning, and it may be given an interpretation consonant with the testator's intention. *Sheets' Estate,* 52 Pa. 257, 267. As the court below said in its opinion: "A careful draftsman, in attempting to exempt the various gifts payable under a will from attachment by the creditors of the beneficiaries, would clearly set forth that the *principal sum* of such gifts, and also whatever *interest* might become payable, should be so exempted." However, the will manifests that such was the intention, and it should not be thwarted by an argument which attaches a particular signification to the words used when it is apparent that such meaning is not exclusive.

Although appellants make no argument based thereon, similar comment may be made concerning the use of the word "beneficiary" by the testator in paragraph 8. True, the term was suggested by Judge STORY as a substitute for *cestui que trust,* and it has been adopted to some extent. Bouvier's Law Dictionary, Rawles 3d Revision; 1 Story Eq. Jur. §321. But the word is not restricted to that meaning in the law. "Any person who derives an advantage from the beneficence of another is with equal propriety styled a 'beneficiary' as one for whose benefit a trust is created": *Nicols v. Board of Police Pension Fund Com'rs,* 82 P. 557, at page 558, 1 Cal. App. 494. I Words & Phrases, 2d series, p. 427. "Beneficiary" is one receiving benefit or advantage, or one who is in receipt of benefits, profits or advantage. *Bauer et al. v. Myers et al.,* 8 Cir., 244 F. 902, 908; 1 Words & Phrases, 3d Series, p. 822. The use of the word "beneficiary" in connection with policies of life insurance and certificates of beneficial associations is too common to require citations.

Furthermore, paragraph 8 speaks of the "beneficiaries herein named, and every of them." It is not limited expressly to the beneficiaries named in the residuary clause, and there are no beneficiaries mentioned in paragraph 8. Consequently, the word "herein" must refer to the entire will. The case of *Bromiley's Estate*, 27 D. & C. 628, is not in point, and was correctly distinguished by the court below.

Assignment of error is overruled.

Judgment is affirmed.