Holmesburg Building Association *v*. Badger et ux. (et al., Appellants).

Argued November 19, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*L. Halpern Miller*, with him *Edward L. F. Clarke* and *James Patterson*, for appellants.

*Joseph A. Allen*, with him *William F. Brennan*, for appellee.

OPINION BY RHODES, J., February 28, 1941:

Mamie A. Badger died testate on April 7, 1939. In the third paragraph of her last will and testament she authorized and directed her executors to sell and dispose of certain real estate in Pennsylvania "at either public or private sale and for such price or prices and in such way or manner as to them may seem desirable and to pay over the proceeds of any such sale unto my daughter, Dora M. Watson and my sons Cecil H. Badger and Ralph L. Badger, absolutely and in fee, share and share alike."

The sixth paragraph of her will is as follows: "All the rest, residue and remainder of my estate I give, devise and bequeath, share and share alike, to my children Cecil H. Badger, Ralph L. Badger and Dora M. Watson."

The seventh paragraph provides: "The interest of

any beneficiary named herein shall not be subject or liable to any attachment, execution or other legal process on the part of or by any creditor of any such beneficiary, or other person."

In the eighth paragraph she appointed her son, Ralph L. Badger, and her daughter, Dora M. Watson, as executors.

The other provisions of the will do not affect the present controversy.

Ralph Lull Badger and Grace Hillis Badger, his wife, executed and delivered to plaintiff a bond and warrant of attorney accompanying a mortgage, dated October 9, 1930. On June 30, 1939, judgment was entered on the bond and warrant of attorney; damages were assessed in the sum of $2,250.49, and attachment execution issued directed to Ralph L. Badger and Dora M. Watson, executors of the estate of Mamie A. Badger, deceased, garnishees. By virtue of the attachment, plaintiff claims from the funds in the hands of the executors, to which Ralph L. Badger may be entitled, to the extent necessary to satisfy its claim.

In due course interrogatories were filed and served upon the garnishees. They answered that by virtue of the seventh paragraph of Mamie A. Badger's will the amount which may be awarded to Ralph L. Badger was not attachable so long as the same remained in transit. Plaintiff then had issued a rule for judgment against the garnishees for want of sufficient answers to the interrogatories. The court below made the rule absolute and entered judgment against the garnishees "qua executors, in the sum of $2,250.49, with costs, and interest from June 30, 1939, to the extent that the same may become payable after due determination of the orphans court, out of the share or interest of Ralph Lull Badger, defendant, in the Estate of Mamie A. Badger, deceased." From this judgment the garnishees have appealed.

*Goe's Estate,* 146 Pa. 431, 23 A. 383, is, in our

opinion, applicable and controlling. In *Goe's Estate,* supra, the testatrix bequeathed and devised to her nine children, including John S. Goe, all her estate, real, personal, and mixed, share and share alike. Her will contained the following clause (p. 433) : "It is my distinct will and desire that none of the effects, real, personal or mixed, as above devised and bequeathed to my children, or to either of them, can be seized upon or levied upon for any debt or claim whatsoever against my husband, Henry B. Goe, or against any one of my said children." A portion of the estate of John S. Goe, one of the nine children legatees, was claimed by the Monongahela National Bank under an attachment execution issued on a judgment in favor of the bank against John S. Goe. On appeal to the Supreme Court the issue was whether the legacy given to John S. Goe by the testatrix was attachable by the bank in the hands of her executor. The Supreme Court said (p. 433) : "The testatrix has declared emphatically that the legacies to her children shall not be seized or levied upon for debt. She had a right to protect her estate against creditors of the children. She could have so protected it, even after they came into the beneficial enjoyment of it. She does not do this. She merely protects it in transit. After it reaches the hands of the children, it becomes their property absolutely, and liable to all the incidents of property, among which is that of execution and attachment."

It is plaintiff's contention that the will of Mamie A. Badger gave to the beneficiaries named therein absolute interests in her estate, and that the seventh paragraph of the will, which provided that these interests should be free from attachment or execution, was therefore ineffective.

In *Goe's Estate,* supra, *Beck's Estate,* 133 Pa. 51, 19 A. 302, and the instant case, the interests of the legatees were similar. In *Beck's Estate,* supra, the gift was upon the express condition that it should not be liable

for the debts of the legatee, but should "be paid directly to said Elizabeth Beck by my executor, without diminution for the payment of her said indebtedness." The Supreme Court held that the executor was thus clothed with an express trust in regard to this share; and that the trust would end the moment the money was paid to the legatee, but during the transit, while the money remained in the hands of the executor, it was as much protected from creditors as if a separate trust had been created for that purpose.

In *Goe's Estate,* supra, the Supreme Court recognized that the clause in the will of Elizabeth Beck (*Beck's Estate,* supra) differed somewhat from the will of Catharine Goe (*Goe's Estate,* supra), but held that the legal effect was the same.

In the present case, as in *Beck's Estate,* supra, and in *Goe's Estate,* supra, it was not necessary to raise up another trustee of the fund after it leaves the executors' hands in order to make the trust effective and protect the fund from attachment in transit. The fund is in the hands of Mrs. Badger's executors, and they are clothed with a trust of Ralph L. Badger's share under the clause in the will, in addition to the fact that all funds of the estate in their hands are trust funds.

The court below was also of the opinion that defendant legatee, Ralph L. Badger, was his own fiduciary, since he was an executor and beneficiary under the will of the testatrix; that he had full ownership of the interest involved; and that therefore the same was attachable. But Ralph L. Badger was but one of two coexecutors. That he is also one of the beneficiaries under the will does not militate against the validity of the provisions of the seventh paragraph of testatrix' will. The custody and control of the property is in Ralph L. Badger and Dora M. Watson, jointly, as executors. See *Hance's Estate,* 69 Pa. Superior Ct. 432, 434; Restatement, Trusts, §99, p. 269. This is not a case where one person has the legal title to property and

also the entire beneficial interest therein, and therefore holds it free of trust.

*Keyser's Appeal,* 57 Pa. 236, *Kaufman v. Burgert,* 195 Pa. 274, 45 A. 725, and *Hays v. Viehmeier et al.,* 265 Pa. 268, 108 A. 526, referred to by the court below in its opinion, are cases involving real estate, and on their facts are different from the instant case. We are unable to agree with the court below that *Goe's Estate,* supra, was badly decided, that the result reached is untenable, and that it cannot be distinguished from these cases. On the contrary, in our opinion, the principle enunciated in *Beck's Estate,* supra, and in *Goe's Estate,* supra, is the law, and very properly and logically so. A testator, in disposing of his property, has a perfect right to provide that his gifts shall reach the persons for whom he intended them, and he may create a spendthrift trust to accomplish this purpose. See *Holdship v. Patterson,* 7 Watts 547. Ordinarily, there is no obligation on the part of a testator to leave a legacy to any one, or to see that the legatee's debts are paid. A gift by will is usually a voluntary act of generosity, and the testator may attach conditions as a legal right until such time as it comes into possession of the legatee, or provide for protection in transmission to the beneficiary at the end of the trust. See *Hall's Estate,* 248 Pa. 218, 222, 93 A. 944. In the instant case the testatrix did not attempt to control the use or disposition of her property after the beneficiary had possession of it. It is true that an estate in fee cannot be conditioned that it shall not be liable for the debts of the devisee in possession, and that an estate devised in fee cannot by subsequent limitations be stripped of its legal incidents, like the power of alienation (*Fairman's Estate,* 287 Pa. 334, 336, 135 A. 262). Of course, if the testator's intention to restrict a gift is clear, it must be given effect, if possible, and only such interest, as limited, will pass. *Conner's Estate,* 286 Pa. 382, 387, 133 A. 545; In re *Byrne's Estate,* 320 Pa. 513, 516, 181 A. 500. What the

testatrix intended in her will is clear, is permissible, and is not violative of any rule of law. It is not analogous to a situation where it is questioned whether a devisee took a fee simple in real estate, with corresponding liability for debts, or a lesser conditioned estate. That which plaintiff here seeks to attach is the interest of defendant legatee in the fund in the hands of the executors, which by her will the testatrix has provided shall not be attachable. She had the right and the power to do this. She has placed no restrictions on the use or enjoyment by the beneficiary when he receives the legacy, nor has she limited the extent of his interest. She has merely provided that the beneficiary shall have, without interference, that which she has given him, and that until he receives it there shall be no interference by attachment for his debts. In the possession of her executors, plaintiff, a creditor of the beneficiary, claims a right to a part of her estate. Plaintiff has no such standing by virtue of her will.

The property of a testator becomes the property of a devisee or legatee only so far as it is made such by the will, and then with such control, incidents of ownership, and liability to creditors as are therein given to it. The estate of the testatrix in the possession of her executors is not liable to a creditor of another unless she has made it so. By the terms of her will "the interest of any beneficiary ...... shall not be subject or liable to any attachment ...... by any creditor of any such beneficiary ......." Cf. section 19, Act of June 7, 1917, P. L. 403, 20 PS § 243. This refers to the interest of the beneficiary in the fund in the hands of the executors. *Goe's Estate,* supra. The will as a whole clearly discloses the intention of testatrix that the legacies reach the legatees without interference from their creditors. In our judgment she has by appropriate language rendered the legacy to defendant legatee immune from attachment in the hands of her executors, the garnishees, and has protected it in transit from them to him. See

*Girard Trust Co. of Philadelphia et al. v. Newhall et al.,* 138 Pa. Superior Ct. 203, 206, 10 A. 2d 58.

Finally it is said that the interest of the defendant legatee, Ralph L. Badger, may be assigned; that hence it is subject to attachment; and that it is only when a gift is completely protected while in transit from both attachment and assignment that a clause exempting it from attachment can prevail.

In *Boston Safe Deposit & Trust Co., Trustee, v. Luke et al.,* 220 Mass. 484, 108 N. E. 64, L. R. A. 1917A, 988, a spendthrift trust was created by will with the express provision that it was to be free from interference or control of the beneficiary's creditors. There was no provision against assignment of the interest. It was held that the trustee in bankruptcy had no right to this interest created for the beneficiary, now bankrupt, although in dictum it was said that the interest was assignable. This case was taken to the Supreme Court of the United States (*Eaton, Trustee, v. Boston Safe Deposit & Trust Co., Trustee, et al.,* 240 U. S. 427, 36 S. Ct. 391, 60 L. Ed. 723), and the decree of the Massachusetts court was affirmed in an opinion by Mr. Justice HOLMES. He evidently questioned whether the bankrupt's equitable life interest was unqualifiedly assignable, even though there was no express provision in the will forbidding the life tenant's assigning it. As to this he said (240 U. S. 427, at page 429) : "It is true that where the restriction has been enforced there generally has been a clause against anticipation, but the present decision in following them holds the restricting clause paramount, and therefore we feel warranted in assuming that the power of alienation will not be pressed to a point inconsistent with the dominant intent of the will. Whether, if that power were absolute, the restriction still should be upheld ...... it is unnecessary to decide."

Since the present action is concerned solely with the right of attachment by a creditor of a legatee under

a will, we need not consider the effect of a possible assignment of the legacy, or whether there is a power to assign, or the suggested hypothetical situations.

The judgment of the court below is reversed, and judgment is here entered in favor of the garnishees.