## Scott Estate

*Roland Fleer* and *Greenwell, Porter, Smaltz & Royal,* for accountants.

TAXIS, P. J., January 22, 1957.—In section I of decedent's third codicil dated December 3, 1954, she specifically bequeathed all money which might be received by her as a result of the termination of an inter vivos trust agreement between decedent and the Girard Trust Company dated March 30, 1931, to her two children, Dallas Sanders Scott and Elizabeth Scott Clark. This court terminated the trust on June 20, 1955: Scott Trust, 8 D. & C. 2d 66.

The account shows a balance for distribution of $16,178.56, composed of $10,000 U. S. A. taxable treasury bills, $9,932.10, and cash. This balance, as I understand the statement of the accountants under paragraph 11 of the petition for adjudication, is derived from the proceeds by termination of decedent's inter vivos trust agreement above referred. Consequently, there is no residuary estate for distribution.

The transfer inheritance tax has been paid.

On June 5, 1956, Dallas Sanders Scott assigned his interest in this estate to the extent of $2,000 to Samuel A. Cohen. Notice of this assignment was given to the executors on June 5, 1956. Samuel Cohen, the assignee, in turn, reassigned his interest to David Tonkin and/or Mary D. Tonkin. On July 12, 1956, Dallas Sanders Scott made a second assignment in which he assigned his interest in this estate to the extent of $2,000 to Samuel A. Cohen. Notice of this assignment was also given to the executors on July 13, 1956. Samuel A. Cohen, the assignee, in turn, reassigned his interest to Ruth G. Levin.

On October 19, 1956, a writ of attachment was served upon the executors by the United States Treasury Department, attaching the interest of Dallas Sanders Scott in this estate to the extent of $448.80 for delinquent 1952 income tax.

In view of the spendthrift provision contained in the will the accountants aver that they "are not in a position to admit the validity of either the assignments or the attachment".

Paragraph sixth of the will contains the spendthrift provision and reads as follows:

"All devises and bequests, as well as the principal and income of the trust estate hereby created, shall be free and clear of the debts, obligations, contracts, engagements, pledges, assignments, alienations and anticipations of any of the persons interested therein, and shall be free and clear of all levies, attachments, executions and sequestrations, and of any other manner of order of court of whatsoever kind or nature."

A testator may give absolute legacies in his will free from attachment or anticipation while in the hands of the accountant: Beck Estate, 133 Pa. 51; Goe Estate, 146 Pa. 431; Holmesburg Building Association v. Badger Trusts, 144 Pa. Superior Ct. 65; Hunter, O. C. Commonplace Bk. §5 (k).

In support of this claim the assignee calls attention to Sproul-Bolton v. Sproul-Bolton, 383 Pa. 85. That case discussed the question of immunity of principal distributions in the spendthrift trust from the attachment of creditors. Although the spendthrift language in that particular trust was held not to protect principal from claims of creditors, Chief Justice Stern stated the general rule to be that the immunity of principal in spendthrift trusts depends entirely upon the intention manifested by the creator of the trust. He then reviews several cases where the express provisions in the will indicated that testator intended

that the immunity of the principal of the fund from attachments and alienations should extend to the time when it was actually delivered into the hands of the beneficiary, citing Beck Estate and Goe Estate, supra.

The language in the present spendthrift provision clearly reveals an intention on the part of testatrix to protect the legacies in the hands of the executor in transit to the beneficiaries. Any other interpretation of this language, especially that portion applying to direct distributions from the estate of decedent, as opposed to distributions from a trust, would render the clause nugatory and meaningless.

Hence the assignments of Dallas Sanders Scott of his interest in this estate are rejected and need not be recognized by the accountants.

The attachment of the United States Treasury for delinquent 1952 income taxes, however, is in a different category.

In the Restatement, Trusts, §157, as originally adopted, there was no statement as to claims of the United States or State or subdivision against the beneficiary of a spendthrift trust for unpaid taxes. In 1948, section 157 was amended to add subsection (d) which provides that: "Although a trust is a spendthrift trust . . . the interest of the beneficiary can be in satisfaction of an enforceable claim against the beneficiary . . . (d) by the United States or a State or subdivision thereof to satisfy a claim against the beneficiary."

While I do not assume to decide the effectiveness of this attachment, I note that a number of cases have permitted the United States to enforce its claim for unpaid income taxes and reach the interest of a beneficiary of a spendthrift trust. Cf. United States v. Dallas National Bank, 152 F. 2d 582; Mercantile Trust Co. v. Hofferbert, 58 F. Supp. 701; United States v. Mercantile Trust Co., 62 F. Supp. 837; Matter of

Rosenberg, 269 N. Y. 247. See 26 U. S. C. §6321 of the Internal Revenue Code of August 16, 1954, 68 A. Stat. 779. Although these cases deal with trusts, the same rules apply to specific bequests.

The balance for distribution, subject to distributions already properly made, is awarded as suggested under the last paragraph of the petition for adjudication in accordance with this opinion, save that out of the distributive share of Dallas Sanders Scott the sum of $448.80, plus any interest or penalties which may be found to be due, is awarded back to the accountants to abide the determination of the attachment.

The account is confirmed, and it is ordered and decreed that Girard Trust Corn Exchange Bank and Betty Scott Clark, executors, as aforesaid, forthwith pay the distribution herein awarded.

And now, January 22, 1957, this adjudication is confirmed nisi.