**Clanton Estate**

*Warren K. Samples,* for executor.
*Eric S. Coates,* for Geraldine Pleasanton.
*R. Samuel McMichael,* for John F. Clanton Jr.

WOOD, *J.,* December 4, 1987—Geraldine Pleasanton, the former wife of John F. Clanton Jr.,

claims that she is entitled to receive one half of any portion payable to John F. Clanton Jr. out of the estate of Beatrice A. Clanton, and she is asking me to order the estate to make that payment directly to her. She bases her claim on a separation agreement executed by her former husband and herself on August 15, 1974, which provides in paragraph 7:

"SEVEN.   Husband agrees to pay to wife an amount of money which shall equal one half the value of all property received by him as a result of the death of his mother, Beatrice A. Clanton, within one year from the date of her death, or upon distribution by the executor, executrix, administrator, or administratrix of her estate, whichever occurs first. . . ."

Paragraph 7 further provides:

"Wife does hereby remise, release, quit-claim and forever discharge husband and the estate of husband from any and every claim that she now has except as described herein in this paragraph against husband, or in or to or against his estate, or any part thereof except as described herein, whether arising out of any former contracts, engagement or liabilities of husband, or by way of dower or claim in the nature of dower, widow's right or under the intestate laws or the right to take against husband's will or for support or maintenance or for any other nature whatsoever, except as described in these paragraphs, and only any rights accruing to wife under this agreement."[1]

Beatrice A. Clanton died December 29, 1986. The first paragraph of her will provides simply:

---

1. The agreement contained a similar provision whereby petitioner agreed to pay to John F. Clanton Jr., one half of the value of any property received by her as a result of the death of her uncle, John Corcoran.

"FIRST: I give all of my estate to my children, Clarence W. Clanton, Pauline C. Hudson, Ray H. Clanton, Frances C. Gonzalez, Delsia C. Desmond, and John F. Clanton Jr., in equal shares."

The sixth paragraph provides:

"SIXTH: All principal and income shall be free of the debts, contracts, alienations and anticipations of any beneficiary, and the same shall not be liable to any levy, attachment, excecution or sequestration while in the hands of my executor."

In *Goe's Estate,* 146 Pa. 431, 23 A. 383 (1982), and *Beck's Estate,* 133 Pa. 51, 19 A. 302 (1890), the Supreme Court of Pennsylvania interpreted similar testamentary provisions, stating:

"No one doubts that it was competent for the testator to have placed this fund forever beyond the reach of the creditors of her legatee, by creating a trust for that purpose. This she has not done, and the question which arises is, whether she has protected the fund in its transit from the executor to the legatee. That she had a right to do this must be conceded. . . . It was a gift upon the express condition that, in the hands of her executor, it should not be liable to the debts of the legatee, but should 'be paid directly to the said Elizabeth Beck by my executor without diminution for the payment of her said indebtedness.' The executor was thus clothed with an express trust in regard to this share.

"It is true, the trust would end the moment the money was paid to the legatee, but during the transit, while the money remained in his hands, it was as much protected from creditors as if a separate trust had been created for that purpose." *Beck's Estate,* supra, 133 Pa. 59-60.

Accordingly, even though the sixth paragraph of Beatrice A. Clanton's will does not expressly mention the word "trust," it gives rise to a spendthrift

trust which exists while the estate remains in the hands of the executor. See also, *Holmesburg Building Association v. Badger,* 144 Pa. Super. 65, 18 A.2d 529 (1941).

Petitioner points to a number of cases which hold that a husband's interest in a spendthrift trust may be attached on a wife's claims for maintenance and support: *Mooreshead's Estate,* 289 Pa. 542, 137 Atl. 802 (1927); *Stewart's Estate* 334 Pa. 356, 5 A.2d 910 (1939); *Posner v. Sheridon,* 451 Pa. 51, 299 A.2d 309 (1973). *Stewart's Estate* and *Posner v. Sheridon* made it clear that a former wife may reduce to judgment her claims for support, and could recover to the extent of 100 percent of her husband's beneficial interests in the trusts. In effect, the court held that a spendthrift trust was invalid against a wife's claims for support. However, in the case before me, petitioner is asserting her claims pursuant to her separation agreement, in which she also relinquished all her rights to support and maintenance. In *Clark v. Clark,* 411 Pa. 251, 191 A.2d 417 (1963), the Supreme Court of Pennsylvania held that a husband's interest in a spendthrift trust, while still in the hands of the trustees, could not be attached to satisfy the claims of a wife under a separation agreement. The court relied on the case of *Sproul-Bolton v. Sproul-Bolton,* 383 Pa. 85, 117 A.2d 688 (1955), which stated:

"[O]rdinarily the principal of a trust fund, the right and title to which has vested in the beneficiary and which has become payable to him, is subject to attachment by his creditors, and . . . it is only when the donor or testator who created the trust has by clear language expressed the intention that the immunity from attachment or alienation is to continue until actual payment of the principal to the beneficiary that such protection in transit will be accorded

legal support." *Sproul-Bolton,* supra, 383 Pa. at 93.

The court in *Clark,* supra, considered testamentary language almost identical to that in the case before me and found that the intention of the donor was to protect the trust assets while in the hands of the trustees and while in transit to the beneficiary. I am unable to distinguish the case before me from *Clark.* The intention of the testator here was to protect the legatees from "debts, contracts, alienations and anticipation of any beneficiary," until such time as actual payments were made to the beneficiaries, and to protect the legatees' shares from attachment. See *Central Penn National Bank v. Lavenson,* 75 D.&C.2d 40 (1975). The result is that petitioner is not entitled to distribution directly from the estate. She must pursue her claim once the money comes into the possession of John F. Clanton Jr.

## ORDER

And now, this December 4, 1987, the petition of Geraldine Pleasanton to be given standing as a recipient of a portion of the estate of Beatrice A. Clanton, deceased is hereby denied.